590 A.2d 1388

**Gilbert POLONSKY and Eleanor J. Polonsky, Appellants,**

**v.**

**ZONING HEARING BOARD OF MT. LEBANON
and Municipality of Mt. Lebanon, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Feb. 11, 1991.

Decided May 9, 1991.

580

Gilbert Polonsky, for appellants.

Timothy S. Coon, for appellees.

Before DOYLE and SMITH, JJ., and SILVESTRI, Senior Judge.

SMITH, Judge.

Before this Court is the appeal of Gilbert Polonsky and Eleanor J. Polonsky (Appellants) from the May 7, 1990 order of the Court of Common Pleas of Allegheny County which affirmed the decision of the Zoning Hearing Board of the Municipality of Mt. Lebanon (Board) denying Appellants a variance which would permit Appellants to retain a fence constructed by them in the side and front yard of their property in violation of Chapter XX, Section 502.2 of the Mt. Lebanon Zoning Ordinance (Ordinance). The trial court's decision is affirmed.

Appellants are the owners of residential property located on a corner lot in Mt. Lebanon. On October 26, 1988, Appellants submitted an application to the Municipality of Mt. Lebanon (Mt. Lebanon) to obtain a permit to erect a wooden fence on the property in question. Appellants also submitted a diagram of their property indicating the proposed location of the fence represented to be within the building line of the property as required by Section 502.2 of the Ordinance.[1]   Appellants obtained the permit and con-

---

1. Section 502.2 of the Ordinance provides in pertinent part:

structed the fence contrary to their proposed plan. Subsequent inspection of the fence by Mt. Lebanon officials revealed that a combination wood and chain link fence had been erected and that a substantial portion of the fence extended in front of the building line of the property.

As a result, Appellants requested a variance from the Board which found after hearing on the matter that a wooden, as well as chain link fence, was erected on the property and concluded that placement of the fence was in front of the building line on the record plan and therefore in violation of Section 502.2 of the Ordinance. The Board denied Appellants' requested variance, holding that they failed to provide evidence sufficient to satisfy the prescribed standards applicable to the grant of a variance under Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2. The Board ordered that portion of the fence which had been erected by Appellants in violation of Section 502.2 of the Ordinance to be removed. Appellants appealed to the trial court which affirmed the Board's decision.

The issues raised in the appeal before this Court are whether the Board's decision denying the variance was supported by substantial evidence and whether the phrase "where relevant in a given case" as set forth in Section 910.2 of the MPC, must be given effect by a zoning hearing board in determining whether to grant a property owner's request for a variance.[2] This Court's scope of review in a

Corner lot location requirement:
In the case of corner lots, authorized fences shall be erected in side yards, abutting a street only in accordance with the following criteria:
    502.2.1 A fence shall be located *behind the building line* shown on the record plan. (Emphasis added.)

2. Section 910.2(a) of the MPC provides that the board may grant a variance if all of the following findings are made where relevant in a given case:
    (1) That there are unique physical circumstances or conditions peculiar to the particular property and that unnecessary hardship is due to such conditions;

zoning appeal arising from denial of a variance application, where the trial court took no additional evidence, is limited to a determination of whether the zoning hearing board committed a manifest abuse of discretion or an error of law. *Valley View Civic Ass'n v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

In a zoning variance matter, the party seeking a variance bears the burden of proving that unnecessary hardship will result if the variance is denied and that the proposed use will not be contrary to the public interest. *Valley View Civic Ass'n*. The burden upon a landowner requesting a variance is a heavy one. *Williams v. Salem Township*, 92 Pa.Commonwealth Ct. 634, 500 A.2d 933 (1985), *appeal denied*, 516 Pa. 615, 531 A.2d 781 (1987). Initially, it must be noted that a hardship must be unique or peculiar to the property in question as distinguished from a hardship arising from the impact of a zoning regulation on an entire district. *Valley View Civic Ass'n*. It should be noted that the plot plan of Appellants' neighborhood indicates that the building line in question affects all of the properties in the neighborhood in largely the same manner. *See* Plan of Lot No. 11—Philp Manor Plan, Mt. Lebanon Township, September 9, 1961.

Appellants argue that unnecessary hardship will result if they are required to relocate that part of the fence in question which lies in front of the building line and assert that removal of the fence would cause division of the side

(2) A variance is necessary to enable reasonable use of the property since it cannot be developed in strict conformity to the zoning ordinance;

(3) That such unnecessary hardship is not self-created;

(4) That a variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and

(5) The variance will represent the minimum variance to afford relief and will represent the least modification possible of the regulation in issue.

Appellants' argument that the phrase "where relevant in a given case" is applicable in the instant matter, and that not all criteria set forth in Section 910.2 must be examined in every request for a zoning variance, need not be addressed because of this Court's disposition of Appellants' appeal.

yard which would prevent simple access from the side patio to care for flowers and tend to the bird bath. Further, Appellants assert that relocation of the fence would make the side yard aesthetically undesirable in comparison with the present location of the fence. N.T., pp. 8–9; Appellants' Brief, pp. 12–13.

Appellants further contend that they did not create the hardship in that a substantial portion of the fence in question, also erected in front of the building line, was erected by the previous owners of the property and that Appellants merely completed the fencing-in of their yard by joining their fence to the previously existing fence. Furthermore, Appellants contend that they examined township records and uncovered no variance granted to the prior owners of the property who constructed a substantial portion of the fence in violation of the ordinance. Therefore, Appellants argue that they did not know nor should they have suspected that any violation of the ordinance existed.

Appellants cite *Moyerman v. Glanzberg*, 391 Pa. 387, 138 A.2d 681 (1958) to support their contention that they had no reason to believe that the existing fence erected by previous owners of the property was anything other than legal. In *Moyerman*, appellee applied for a permit to erect a dwelling on a lot. The application erroneously gave the front and rear widths of the lot. In reliance upon the erroneous front and rear widths, a building permit was granted and the dwelling was constructed in accordance with the incorrect dimensions. As a result, the dwelling encroached on an easement and also violated a township zoning ordinance concerning widths of side yards. Appellees sought and were granted a variance by the board of adjustment which action was affirmed by the courts. The Pennsylvania Supreme Court in *Moyerman* stated that "[t]he 'hardship' which must be proven must be an 'unnecessary,' not a 'mere' hardship, as well as 'unique or peculiar to [the property involved] as distinguished from the impact of the zoning regulations on the entire district.' " *Moyerman*, 391 Pa. at 397, 138 A.2d at 686, citing *Michener Appeal*, 382 Pa.

401, 406–407, 115 A.2d 367, 371 (1955). In *Moyerman,* strict application of the zoning ordinance as a result of the mistake would result in an unnecessary hardship in that it would require the owners to move their entire building. However, "a hardship which has been willfully and intentionally created cannot be considered an 'unnecessary' hardship so as to justify the grant of a variance." *Moyerman,* 391 Pa. at 399, 138 A.2d at 687.

In the instant action, the only hardship which would result if Appellants were required to erect their fence within the building line would be inconvenient access from Appellants' side patio to their side yard as well as creating an aesthetically undesirable side yard, factors which do not constitute an unnecessary hardship for purposes of granting a variance to a zoning ordinance. Thus, *Moyerman* is factually distinguishable.

Appellants' further argument that the existing fence erected by the previous owners was merely "added to" by Appellants and hence is permissible cannot stand. The hardship exception justifying a grant of a variance is not applicable when the ordinance could be complied with simply by moving the fence in question behind the building line. *See Borough of Ingram v. Zoning Hearing Board of the Borough of Ingram,* 118 Pa.Commonwealth Ct. 574, 545 A.2d 989 (1988), wherein this Court held that the hardship exception did not justify the grant of a variance to landowners who could comply with the ordinance requiring rear and side yard setbacks simply by moving the proposed garage closer to the residence. Furthermore, unnecessary hardship only occurs where it is shown that compliance with a zoning ordinance could render property practically useless. *Ignelzi v. Zoning Board of Adjustment of the City of Pittsburgh,* 61 Pa.Commonwealth Ct. 101, 433 A.2d 158 (1981). In the instant action, movement of the fence to comply with the ordinance would not render Appellants' property practically useless.

Finally, Appellants' assertion that they did not know nor should they have suspected a violation must also fail.

The reverse side of the application submitted by Appellants contained regulations applicable to the construction of fences. Accompanying Applicants' application was a diagram marked by Appellants indicating the proposed location of the fence. That diagram indicates that the fence would be totally within the building line of the property as required by Section 502.2 of the Ordinance. As actually erected by the Appellants, the fence is substantially outside the building line. These factors, coupled with the fact that Gilbert Polonsky is trained in the law, clearly demonstrates to this Court that the hardship in question was self-inflicted. *Marple Gardens, Inc. v. Zoning Board of Adjustment*, 8 Pa.Commonwealth Ct. 436, 303 A.2d 239 (1973) (variance will not be granted if applicant knew of existing zoning regulations and the problems bringing about the hardship or should have known about them); *see also Gro Appeal*, 440 Pa. 552, 269 A.2d 876 (1970) (property in question contained zoning restrictions known by the prospective purchaser who bought property assuming that a variance would be granted; the Supreme Court denied the grant of the variance holding that the landowner hardship was self-inflicted). Thus, Appellants have failed to carry their burden of proving that unnecessary hardship will result if their variance request is denied.[3]

Accordingly, finding no error by the Board, the decision of the trial court must be affirmed.

BYER, J., did not participate in the decision in this case.

## ORDER

AND NOW, this 9th day of May, 1991, the decision of the Court of Common Pleas of Allegheny County is affirmed.

---

**3.** Appellants also presented evidence in the form of signed statements from neighbors of Appellants stating that the fence in question in no way detracts from the beauty of the neighborhood and that they are in favor of the variance sought by Appellants. However, lack of objection may not be the basis for allowance of a zoning variance. *Christner v. Zoning Board of Borough of Mount Pleasant*, 40 Pa.Commonwealth Ct. 87, 397 A.2d 30 (1979).