*Leet, supra* at 96–97, 641 A.2d at 303 (footnotes omitted).

We find this rationale applicable instantly. Hence, in addition to determining probable cause, the trial court on remand must also inquire as to whether Constable Certo was adequately trained to address felony drug law violations encountered within the exercise of their duties.

Case remanded for proceedings consistent with this Opinion.

Jurisdiction relinquished.

COMMONWEALTH of Pennsylvania, acting By and Through the DEPARTMENT OF GENERAL SERVICES

v.

ZONING HEARING BOARD OF SUSQUEHANNA TOWNSHIP

**Susquehanna Township, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 18, 1996.
Decided June 11, 1996.

John A. Roe, for Appellant.

Catherine A. Foley, for Appellee, Commonwealth of PA.

Before COLINS, President Judge, KELLEY, J., and LORD, Senior Judge.

KELLEY, Judge.

Susquehanna Township (township) appeals the order of the Court of Common Pleas of Dauphin County (trial court) that reversed a decision of the Zoning Hearing Board of Susquehanna Township (board). In the decision, the board denied the Pennsylvania Department of General Services' (DGS) application for a variance to the Susquehanna Township Zoning Ordinance (ordinance) to construct a building in the township's Conservation District. We reverse.

The facts of this case may be summarized as follows. On October 21, 1988, the Pennsylvania General Assembly appropriated $24,850,000 for DGS to construct a laboratory and an office building for the Pennsylvania Department of Environmental Resources (department). DGS proposed to construct the building on a 30.9 acre tract of land in the township which is owned by the Commonwealth.

The tract of land owned by the Commonwealth is situated in the township's Conservation District. Under section 403 of the ordinance, the height of a principal building constructed in the Conservation District cannot be greater than thirty feet. In addition, under section 408 of the ordinance, the coverage of a building constructed in the Conservation District cannot be more than twenty percent (20%) of the lot size.

To meet the requirements of section 408, the department's laboratory building was designed to have three stories, resulting in a height of fifty-two feet.[1] The department's office building was designed to be one story high.

---

1. In its decision denying the application for a variance, the board found as fact that the total height of the three story office building would be slightly over seventy-five feet. However, the design of the building includes a twenty-three foot mechanical penthouse on its roof. Under section 1602 of the ordinance, the height regulations in the ordinance do not apply to penthouses which are not used for human occupancy. Therefore, for variance purposes, the height of the proposed building should be considered to be fifty-two feet. This adjusted height of fifty-two feet is still in excess of section 403's thirty-foot height requirement.

As a result, DGS filed an application with the board for a variance of the thirty-foot height restriction of section 403 of the ordinance. The board denied the requested variance, and DGS appealed the board's decision to the trial court. The township intervened in DGS' appeal, and the parties stipulated as to the facts to be considered by the trial court.

On appeal, the trial court determined that DGS had met its burden of proof regarding the grant of a variance of section 403's height restriction. The court found that DGS had demonstrated that an undue hardship would result if the variance was denied. The court determined that due to the design of the building, the requirements of both sections 403 and 408 could not be met simultaneously. To conform to section 403's height requirement, the laboratory building would have to be built as a one story structure. However, such a structure would expand the lay area of the building, thereby exceeding the 20% coverage requirement of section 408.

In addition, the trial court found that parts of the adjacent land on the Commonwealth's tract were formerly used as landfill and were unsuitable for construction purposes. The unique characteristics of the property, and the cost of constructing a one story building would exceed the amount the General Assembly had appropriated for the project. As a result, the trial court reversed the board's decision denying DGS' application for a variance. The township filed a timely appeal to this court.

The sole claim raised by the township in this appeal is that the trial court erred in reversing the board's decision denying DGS' application for a variance to the thirty foot height requirement of section 403 of the ordinance.

We initially note that in zoning cases where, as here, the trial court did not receive any additional evidence, our scope of review is limited to determining whether the board committed an error of law or a manifest abuse of discretion. *Hogan, Lepore & Hogan v. Pequea Township Zoning Board,* 162 Pa.Cmwlth. 282, 638 A.2d 464 (1994), *petition for allowance of appeal denied,* Pa. , 538 Pa. 651, 647 A.2d 905 (1994).

Under section 2212 of the ordinance, in order to qualify for a variance an applicant must establish that: (1) an unnecessary hardship stemming from unique physical circumstances or conditions of the property will result if the variance is denied; (2) because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the ordinance, and a variance is necessary to enable the reasonable use of the property; (3) the hardship has not been created by the applicant; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief. *See also,* section 910.2 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10910.2; *Laurento v. Zoning Hearing Board of Borough of West Chester,* 162 Pa. Cmwlth. 226, 638 A.2d 437 (1994).

To demonstrate unnecessary hardship, an applicant must prove that either: (1) the physical characteristics of the property are such that it could not in any case be used for any permitted purpose, or that it could only be arranged for such purpose at prohibitive expense; or (2) the characteristics of the property are such that the lot has either no value or only distress value for any purpose permitted by the ordinance. *Id.* Thus, the hardship exception justifying the grant of a variance is triggered only when it is shown that compliance with the zoning ordinance could render the property practically useless. *Polonsky v. Zoning Hearing Board of Mt. Lebanon,* 139 Pa.Cmwlth. 579, 590 A.2d 1388 (1991).

In addition, the reasons for granting the variance must be substantial, serious and compelling. *Id.* The burden of an applicant seeking a zoning variance is heavy, and variances should be granted sparingly and only under exceptional circumstances. *Appeal of Lester M. Prange, Inc.,* 166 Pa. Cmwlth. 626, 647 A.2d 279 (1994). A variance should not be granted simply because such a grant would permit the owner to obtain a greater profit from the use of the

property. *A.R.E. Lehigh Valley Partners v. Zoning Hearing Board of Upper Macungie Township,* 139 Pa.Cmwlth. 361, 590 A.2d 842 (1991). Economic hardship short of rendering the property valueless does not justify the grant of a variance. *BP Oil, Inc. v. Zoning Hearing Board of the Borough of Brookhaven,* 37 Pa.Cmwlth. 258, 389 A.2d 1220 (1978).

In denying the requested variance in the instant case, the board determined, *inter alia,* that its ability to grant a variance is conditioned upon a showing that absent the variance the real estate would be rendered practically valueless, and no such showing was made in this case. Board Decision, p. 2.

In reversing the board's decision, the trial court determined, *inter alia,* that:

Having met its burden of proof, [DGS] has shown an unnecessary hardship would result if the variance were denied. Section 403 of the Ordinance only permits twenty percent (20%) of the parcel land to be covered by a structure. Due to the design of the building, the 20% coverage requirement and a 30 foot height requirement cannot be met simultaneously. To conform with the height requirement, the building would need to be redesigned as a one-story structure. Such structure would expand the lay area of the building, thereby exceeding the 20% coverage limit. Also, parts of the adjacent land were formerly used as a landfill and are unsuitable for construction purposes making expansion infeasible.

The unique physical characteristics of the property, coupled with the cost of constructing a one-story structure, would create an additional burden on appellants since the legislated appropriation for the project would significantly be exceeded. Also, the imposition of a height restriction would greatly decrease the value of the land creating a further hardship.

Furthermore, the granting of [DGS'] variance would not adversely affect the public interest. The three-story design of the building actually allows more land to be retained as open space, thus promoting the Ordinance's efforts to preserve the natural environment. This design was specifi-

cally chosen to conform with the size of neighboring structures within the conservation district. Finally [DGS]'s request for the height variance was properly advertised and did not receive any objections by the public.

In light of the foregoing facts, [DGS] has clearly met its burden of proof entitling it to its requested variance.

Trial Court Opinion, p. 2.

■ As noted above, the burden of an applicant seeking a zoning variance is heavy, and variances should be granted sparingly and only under exceptional circumstances. *Appeal of Lester M. Prange, Inc.* To show unnecessary hardship, DGS was required to show that either the physical characteristics of the property precluded its use for any permitted purpose or such use would be prohibitively expensive, or that the characteristics of the property are such that it has either no value or only distress value for any permitted purpose. *Laurento.* In addition, this hardship exception is triggered only if DGS could show that compliance with the township's ordinance could render the property practically useless. *Polonsky.* In this case, DGS has failed to meet this heavy burden justifying the grant of a variance to the township's ordinance under the hardship exception.

Under section 402 of the ordinance, the following are permitted uses within the township's Conservation District:

1. Public conservation areas and structures for the conservation of open land, water, soil, wildlife resources and historical preservation.

2. Churches or similar places of worship, parish houses, convents.

3. Single family detached dwelling units, seasonal cottages, hunting and fishing cabins.

4. Public park and recreational areas, game refuges and similar nonintensive uses.

5. Radio and television towers.

6. Electric and telephone public utility transmission and distribution facilities, including substations.

7. Municipal buildings and facilities, including water pumping stations, reservoirs and similar structures.

8. Public camps, camping grounds and facilities.

9. Home occupations.

10. Uses which, in the opinion of the Zoning Officer, are of the same general character as those listed as permitted uses and which will not be detrimental to the intended purposes of these districts.

■ In the instant case, DGS did not demonstrate that, due to its physical characteristics, the subject property was not suited for any of the foregoing permitted uses, or that the application of the ordinance rendered the property useless for any of these permitted uses. Rather, DGS has merely demonstrated that the application of the ordinance has rendered the property unsuitable for its proposed use, the construction of the department's laboratory and office building as they are presently designed. Such a showing is not sufficiently compelling to require the grant of a variance to the township's ordinance. As a result, the trial court erred in reversing the decision of the board denying the requested variance to the township's ordinance.

Accordingly, the order of the trial court is reversed.

### ORDER

NOW, this 11th day of June, 1996, the order of the Court of Common Pleas of Dauphin County, dated August 17, 1995, at No. 958 S 1995, is reversed.