OXFORD CORPORATION, Appellant

v.

ZONING HEARING BOARD OF the BOROUGH OF OXFORD and Borough of Oxford.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 2011.

Decided Nov. 18, 2011.

Brian L. Nagle, West Chester, for appellant.

Stacey L. Fuller, West Chester, for appellee Borough of Oxford.

BEFORE: LEADBETTER, President Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Oxford Corporation (Landowner) appeals the June 4, 2010, order of the Court of Common Pleas of Chester County (trial court) denying Landowner's land use appeal and affirming the decision of the Zoning Hearing Board (Board) of Oxford Borough (Borough). The Board's decision denied Landowner's application for a use variance and substantive validity variance and Landowner's procedural validity challenge to the Borough's Zoning Ordinance. We affirm.

Landowner is the owner of a 10.5–acre parcel of property located in the Borough's I General Industrial Zoning District.[1] Landowner seeks to develop the property as a residential use, which is not a permitted use in that district. Landowner has owned the parcel since 1970. The parcel is undeveloped and contains approximately four acres of wetlands on the northern portion, with an active rail line along the northern boundary and mature woodlands along the eastern, southern, and part of the western boundaries. There are residential uses to the south and southwest of the parcel in the adjacent R–2 Residential

---

1. Section 27–1002 of the Borough's Zoning Ordinance provides, in pertinent part, that the following uses are permitted by right in the Borough's I General Industrial Zoning District:

 Land and buildings in the I Districts shall be used for only one of the following purposes and no others unless permitted as an accessory use or by special exception:

 B. Professional and business office.

 \* \* \*

 E. Warehouse, supply house, and similar use when carried on within an enclosed building. . . .

 Supplemental Reproduced Record (SRR) at 40b.

Zoning District of the Borough. Sunny Dell Foods, a mushroom and food processing plant owned by Gary Caligiuri, is located in the I General Industrial Zoning district to the west and northwest of the parcel. Other industrial uses are located to the north of the rail line near the parcel, such as a car wash, an excavation and septic tank service, and an automobile service business.

On April 17, 2006, Landowner submitted a petition to the Borough Council to amend the Borough's Zoning Map by designating the parcel as part of the R–2 Zoning District. At its meeting on June 19, 2006, the Borough Council, following the recommendation of the Borough Planning Commission, voted unanimously to deny the petition.

On June 8, 2008, Landowner filed an application with the Board to obtain a use variance, as well as a substantive validity variance, for a multi-family residential townhouse use, or another residential use permitted in the R–2 Zoning District, on the parcel.[2] In particular, Landowner alleged, *inter alia*, that the property cannot be used in any reasonable or economically viable manner as currently zoned.

Landowner also raised a procedural challenge to the validity of the Borough's Zoning Ordinance, alleging that the enactment of Ordinance 505–1974, Ordinance 593–1986, Ordinance 598–1986, and Ordinance 636–1989 violated the procedural requirements as provided in Sections 607, 608, and 609 of the Municipalities Planning Code (MPC)[3], and Section 1008(b) of the

2. Residential uses have not been permitted uses in the I General Industrial Zoning District since the Borough's Zoning Ordinance was amended in 1974.

3. Act of July 31, 1968, P.L. 805, reenacted and amended by the Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. §§ 10607, 10608, 10609. At the time of the enactment of Ordinance 505–1974, Ordinance 593–1986, and Ordinance 598–1986, Section 607 of the MPC provided, in pertinent part:

> The planning agency of each municipality shall prepare the text and map of the proposed zoning ordinance as well as make all necessary studies and surveys preliminary thereto, whenever instructed to do so by the governing body. In preparing a proposed zoning ordinance, the planning agency shall hold at least one public hearing pursuant to public notice and may hold additional public hearings upon such notice as it shall determine to be advisable.... The procedure set forth in this section shall be a condition precedent to the validity of a zoning ordinance adopted pursuant to this act. If a county planning agency shall have been created for the county in which the ... borough ... adopting the ordinance is located, then at least thirty days prior to the submission of the ordinance to the local governing body, the ... borough ... shall

submit the proposed ordinance to said county planning agency for recommendations.
53 P.S. § 10607 (repealed).

At the time of the enactment of Ordinance 636–1989, Section 607 of the MPC provided, and presently provides:

> (a) The text and map of the proposed zoning ordinance, as well as all necessary studies and surveys preliminary thereto, shall be prepared by the planning agency of each municipality upon request by the governing body.
>
> (b) In preparing a proposed zoning ordinance, the planning agency shall hold at least one public meeting pursuant to public notice and may hold additional public meetings upon such notice as it shall determine to be advisable.
>
> (c) Upon the completion of its work, the planning agency shall present to the governing body the proposed zoning ordinance, together with recommendations and explanatory materials.
>
> (d) The procedure set forth in this section shall be a condition precedent to the validity of a zoning ordinance adopted pursuant to this act.
>
> (e) If a county planning agency shall have been created for the county in which the municipality adopting the ordinance is located, then at least 45 days prior to the public hearing by the local governing body

Borough Code.[4,5] Specifically, Landowner alleged, *inter alia,* that the proposed ordi-

as provided in section 608, the municipality shall submit the proposed ordinance to said county planning agency for recommendations.

53 P.S. § 10607.

In turn, at the time of the enactment of Ordinance 505–1974, Ordinance 593–1986, and Ordinance 598–1986, Section 608 of the MPC provided, in pertinent part:

Before voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice. The vote on the enactment by the governing body shall be within ninety days after the public hearing.

53 P.S. § 10608 (repealed).

At the time of the enactment of Ordinance 636–1989, Section 608 of the MPC provided, and presently provides, in pertinent part:

Before voting on the enactment of a zoning ordinance, the governing body shall hold a public hearing thereon, pursuant to public notice. The vote on the enactment by the governing body shall be within 90 days after the last public hearing. Within 30 days after enactment, a copy of the zoning ordinance shall be forwarded to the county planning agency. . . .

53 P.S. § 10608.

Finally, at the time of the enactment of Ordinance 505–1974, Ordinance 593–1986, and Ordinance 598–1986, Section 609 of the MPC provided:

For the preparation of amendments to zoning ordinances, the procedure set forth in this article for the preparation of a proposed zoning ordinance shall be permissive. Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least thirty days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations. If, after any public hearing held upon an amendment, the proposed amendment is revised, or further revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment.

53 P.S. § 10609 (repealed).

At the time of the enactment of Ordinance 636–1989, Section 609 of the MPC provided, and presently provides, in pertinent part:

(a) For the preparation of amendments to zoning ordinances, the procedure set forth in section 607 for the preparation of a proposed zoning ordinance shall be optional.

(b) (1) Before voting on the enactment of an amendment, the governing body shall hold a public hearing thereon, pursuant to public notice. . . .

(c) In the case of an amendment other than that prepared by the planning agency, the governing body shall submit each such amendment to the planning agency at least 30 days prior to the hearing on such proposed amendment to provide the planning agency an opportunity to submit recommendations.

(d) If, after any public hearing held upon an amendment, the proposed amendment is changed substantially, or is revised, to include land previously not affected by it, the governing body shall hold another public hearing, pursuant to public notice, before proceeding to vote on the amendment.

(e) If a county planning agency shall have been created for the county in which the municipality proposing the amendment is located, then at least 30 days prior to the public hearing on the amendment by the local governing body, the municipality shall submit the proposed amendment to the county planning agency for recommendations. . . .

53 P.S. § 10609.

4. Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. § 46008(b). Section 1008(b) of the Borough Code provides, in pertinent part:

(b) Whenever any borough shall have caused to be prepared a . . . codification . . . of the general body of borough ordinances, or the ordinances on a particular subject, the borough council may adopt such . . . codification . . . as an ordinance of the borough, in the same manner that is now prescribed by law for the adoption of borough ordinances, except as hereinafter provided.

Any such . . . codification . . . of borough ordinances to be enacted as a single ordinance shall be introduced in the borough

nances were not submitted to either the Borough's Planning Commission or the Chester County (County) Planning Commission prior to their enactment or amendment as required by the MPC.

The Board bifurcated the proceedings on the application, and the Board held hearings on Landowner's request for a use variance or a substantive validity variance on August 5, 2008, October 21, 2008, and December 9, 2008. In support of the application, Landowner presented the testimony of: Thomas DiCecco, Landowner's president; Michael Samuels, an expert in real estate appraisal and valuation; and Wayne Grafton, an expert in land planning. In opposition to the application, the Borough presented the testimony of:

Glenn Neuhs, an expert in municipal planning; Gary Caligiuri [6], the aforesaid owner of Sunny Dell Foods; and John Strickland, an expert in real estate appraisal.

On February 10, 2009, the Board issued a decision disposing of Landowner's request for a use variance or a substantive validity variance in which it made the following relevant findings of fact: (1) witnesses for both Landowner and the Borough agreed that a minimum of six acres of the property can be developed; (2) Mr. Neuhs presented plans for office building and warehouse facility uses on the parcel that are permitted by right in the I General Industrial Zoning District and that would comply with the Zoning Ordinance;

---

council at least thirty days before its final enactment, and at least fifteen days before its final enactment, notice of the introduction of any ... codification ..., specifying its general nature and listing its table of contents, shall be given by advertisement in a *newspaper of general circulation in said borough.*

When any such ... codification ... has been enacted as an ordinance, it shall not be necessary to advertise the entire text thereof, but it shall be sufficient in any such case, to publish a notice stating that such ... codification ..., notice of introduction of which had previously been given, was finally enacted....

5. On July 4, 2008, following the filing of the instant procedural challenge with the Board, Section 1002–A of the MPC, added by Act of December 21, 1988, P.L. 1329, *as amended,* 53 P.S. § 11002–A, was amended and now provides, in pertinent part:

(b) Challenges to the validity of a land use ordinance raising procedural questions or alleged defects in the process of enactment or adoption shall be raised by appeal taken directly to the court of common pleas of the judicial district in which the municipality adopting the ordinance is located in accordance with 42 Pa.C.S. § 5571.1 (relating to appeals from ordinances, resolutions, maps, etc.).

53 P.S. § 11002–A(b).

In turn, Section 5571.1 of the Judicial Code now provides, in pertinent part:

(a) Applicability; court of common pleas.—

(1) This section shall apply to any appeal raising questions relating to an alleged defect in the process of or procedure for enactment or adoption of any ordinance ... of a political subdivision.

(2) An appeal pursuant to this section shall be to the court of common pleas.

(b) Appeals of defects in statutory procedure.—

(1) Any appeal raising questions relating to an alleged defect in statutory procedure shall be brought within 30 days of the *intended effective date* of the ordinance.

(2) Except as provided in subsection (c), it is the express intent of the General Assembly that this 30–day limitation shall apply regardless of the *ultimate validity* of the challenged ordinance.

(c) Exemption from limitation.—An appeal shall be exempt from the time limitation in subsection (b) if the party bringing the appeal establishes that, because of the particular nature of the alleged defect in statutory procedure, the application of the time limitation under subsection (b) would result in an impermissible deprivation of constitutional rights....

42 Pa.C.S. § 5571.1(a)-(c).

6. The Borough and Mr. Caligiuri were granted party status before the Board.

(3) Mr. Caligiuri has made at least two offers to purchase the parcel in order to expand his mushroom and food processing operations, and he is interested in constructing a warehouse facility on the parcel; (4) Landowner has never responded to Mr. Caligiuri's offers to purchase the parcel; (5) Mr. Strickland stated that, in his professional opinion, the fair market value of the property is $210,000.00 and that Mr. Caligiuri's offer of $250,000.00 is fair and reasonable; (6) Mr. Strickland stated that it is unreasonable for Landowner to believe that the list prices of $850,000.00 and $1,000,000.00 would result in an offer to purchase, or that those list prices were fair asking prices for the parcel; (7) Mr. Strickland stated that the parcel is not "marginal" land as it has approximately eight acres that are buildable; (8) Landowner's witness, Mr. Grafton, agreed that there are six and one-quarter acres of developable and usable land on the parcel and that it is physically and legally possible to develop a warehouse or office building on the parcel; (9) the testimony and conclusions of Landowner's witness, Mr. Samuels, regarding the lack of value and usability of the parcel as currently zoned, are not credible; and (10) there is no hardship peculiar to Landowner's parcel that prevents it from being developed as it is currently zoned. 2/10/09 Board Decision at 6–9. The Board also "[found] the testimony and exhibits proffered by the Borough to be more credible than that introduced by [Landowner] and finds the testimony and report of Mr. Samuels to be extreme and not supported by any clear evidence. Accordingly, the Board concludes that the Property has more than mere distress value as currently zoned." Id. at 10–11.

Based on the foregoing, the Board concluded that "[Landowner] failed to demonstrate by substantial evidence that it [was] entitled to any variance relief." 2/10/09 Board Decision at 13. Accordingly, the Board issued an order denying Landowner's request for a use variance or a substantive validity variance. Id. at 14.

On September 1, 2009, the Board issued a decision disposing of Landowner's procedural validity challenge based upon the stipulated facts of the parties. With respect to Ordinance 505–1974, the Board made the following relevant findings of fact: (1) residential uses have not been permitted in the I General Industrial Zoning District since the Zoning Ordinance was amended in 1974 by Ordinance 505–1974; (2) the proposed Ordinance 505–1974 was sent to the County's Planning Commission and the Borough's Planning Commission on September 26, 1973 for review; (3) the proposed Ordinance 505–1974 was revised following a hearing before the Borough's Planning Commission on April 15, 1974; (4) on May 21, 1974, at a public meeting, the Borough's Planning Commission recommended that the Borough Council adopt the proposed Ordinance 505–1974; (5) on July 8, 1974, at a public hearing on the proposed Ordinance 505–1974, the Borough Council granted a petition to revise the zoning map to retain the then-existing depth requirement of a two-family district; (6) Borough Council held a meeting on August 12, 1974, and again on September 9, 1974, at which Ordinance 505–1974, including the zoning map revision, was adopted; (7) the provision of Ordinance 505–1974 governing the I General Industrial Zoning District, and prohibiting residential uses in that district, was included in the version submitted to the County's Planning Commission on September 26, 1973; and (8) Ordinance 505–1974 had been enacted for 34 years at the time of challenge, and there is no evidence of a prior procedural validity challenge. 9/1/09 Board Decision at 5–7.

With respect to Ordinance 593–1986 and Ordinance 598–1986, the Board made the following relevant findings of fact: (1) the County's Planning Commission received the proposed Ordinance 593–1986 on August 6, 1985; (2) there was proper notice of the proposed Ordinance 593–1986 for a hearing on March 17, 1986, and it was approved by the Borough Council on April 8, 1986; (3) Borough Council declared Ordinance 593–1986 to be invalid on April 15, 1986; (4) on August 12, 1986, Borough Council authorized advertising a curative amendment to Ordinance 593–1986 that was adopted as Ordinance 598–1986 [7]; (5) Landowner does not allege that either Ordinance 593–1986 or Ordinance 598–1986 affected his parcel; and (6) Ordinance 598–1986 had been enacted for 22 years at the time of challenge, and there is no evidence of a prior procedural validity challenge. 9/1/09 Board Decision at 7–8.

With respect to Ordinance 636–1989, the Board made the following relevant findings of fact: (1) on May 23, 1989, Borough Council enacted a codification of all Borough ordinances via the adoption of Ordinance 636–1989; (2) Section 1008(b) of the Borough Code sets forth the procedure for the codification of ordinances, and directs that they are so codified in the same manner as the adoption of ordinances; and (3) Ordinance 636–1989 had been enacted for 19 years at the time of challenge, and there is no evidence of a prior procedural validity challenge. 9/1/09 Board Decision at 8. The Board also found that "[c]learly, there was adequate public notice and opportunity to comment prior to the adoption of Ordinance 505–1974 . . .", that "[O]rdinance 505–1974 has been 'on the books' and left unchallenged for 34 years . . .", and that "[t]here is no allegation that the notices were improper or that the ordinances, when adopted, were not put 'on the books' for public inspection. . . ." *Id.* at 13.

Based on the foregoing, the Board concluded that "[Landowner] failed to demonstrate that any procedural defects in the adoption of Ordinances 505–1974, 593–1986, 598–1986, or 636–1989 implicated due process rights such that the ordinances were void *ab initio* . . . ." 9/1/09 Board Decision at 15. Accordingly, the Board issued an order denying Landowner's procedural validity challenge. *Id.* at 16.

■ On September 30, 2009, Landowner appealed the Board's decisions to the trial court.[8] On June 4, 2010, following the submission of briefs by the parties, the trial court issued an order denying Landowner's land use appeal and affirming the Board's decisions. Landowner then filed

---

7. At the time of the adoption of this curative amendment, Section 609.2 of the MPC, added by the Act of October 5, 1978, P.L. 1067, reenacted and amended by Act of December 21, 1988, P.L. 1329, *as amended*, 53 P.S. § 10609.2, provided, in pertinent part:

(1) A municipality, by formal action, may declare its zoning ordinance or portions thereof substantively invalid and propose to prepare a curative amendment to overcome such invalidity. Within thirty days following such declaration and proposal the governing body of the municipality shall:

(a) By resolution make specific findings setting forth the declared invalidity of the zoning ordinance. . . .

(b) Begin to prepare and consider a curative amendment to the zoning ordinance to correct the declared invalidity.

(2) Within one hundred eighty days from the date of the declaration and proposal, the municipality shall enact a curative amendment to, or reaffirm the validity of, its zoning ordinance pursuant to the provisions required by section 609, to cure the declared invalidity of the zoning ordinance. 53 P.S. § 10609.2(1), (2) (repealed).

8. The Borough intervened in the land use appeal in the trial court.

the instant appeal of the trial court's order.[9]

In this appeal, Landowner claims that the trial court erred in denying its land use appeal, and in affirming the Board's decision, because: (1) the Board erred in disregarding the weight of the evidence presented; and (2) the Board erred in concluding that the challenged ordinances were not void *ab initio* due to the procedural defects in their enactment.

Landowner first claims that the Board erred in disregarding the weight of the evidence presented. More specifically, Landowner contends that, based upon the evidence presented, the Board erred as a matter of law and abused its discretion in denying the requested variances because the property has no reasonable use as it is presently zoned.

■■■ In order to qualify for a variance, an applicant must establish: (1) an unnecessary hardship stemming from unique physical circumstances or conditions of the property will result if the variance is denied; (2) because of such physical characteristics or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the ordinance; (3) the hardship has not been created by the applicant; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief. Section 910.2 of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2; *Pohlig Builders, LLC; Department of General Services v. Zoning Hearing Board of Susquehanna Township*, 677 A.2d 853 (Pa.Cmwlth.1996); *Laurento*.[10]

■■■ To demonstrate the requisite unnecessary hardship, an applicant must prove either: (1) the physical characteristics of the property are such that it could not in any case be used for any permitted purpose, or that it could only be used for

---

9. Where, as here, the trial court did not receive any additional evidence, this Court's scope of review is limited to determining whether the Board committed an error of law or abuse of discretion. *Rittenhouse Row v. Aspite*, 917 A.2d 880 (Pa.Cmwlth.2006). "Substantial evidence" is such relevant evidence as a reasonable mind might accept to support a conclusion. *Id.* The Board abuses its discretion if its findings are not supported by substantial evidence. *Id.*

In addition, this Court may not substitute its interpretation of the evidence for that of the Board, the fact-finder in this case. *Pohlig Builders, LLC v. Zoning Hearing Board of Schuylkill Township*, 25 A.3d 1260 (Pa. Cmwlth.2011). The Board is the sole judge of the credibility of witnesses and the weight to be afforded their testimony. *Id.; Laurento v. Zoning Hearing Board of Borough of West Chester*, 162 Pa.Cmwlth. 226, 638 A.2d 437 (1994). Thus, it is the Board's function to weigh the evidence before it. *Pohlig Builders, LLC*. If the record contains substantial evidence, this Court is bound by the Board's findings that result from the resolution of credibility and conflicting testimony. *Id.*

10. When a landowner seeks a use variance, he is seeking to use the property in a manner that is totally outside the local zoning regulation. *SPC Company, Inc. v. Zoning Board of Adjustment of the City of Philadelphia*, 773 A.2d 209 (Pa.Cmwlth.2001), *appeal denied*, 568 Pa. 689, 796 A.2d 320 (2002), quoting *Hertzberg v. Zoning Board of Adjustment of the City of Pittsburgh*, 554 Pa. 249, 257, 721 A.2d 43, 47 (1998). In contrast, a validity variance is based on the theory that an otherwise valid zoning ordinance is confiscatory when applied to a particular property and that a variance is necessary to permit a reasonable use of the land. *Laurel Point Associates v. Susquehanna Township Zoning Hearing Board*, 887 A.2d 796 (Pa.Cmwlth.2005), *appeal denied*, 588 Pa. 766, 903 A.2d 1235 (2006). A party seeking either a use variance or a validity variance must comply with the variance requirements set forth in section 910.2 of the MPC. *Id.*

such purpose at prohibitive expense; or (2) the characteristics of the property are such that the lot has either no value or only distress value for any purpose permitted by the ordinance. *Department of General Services; Laurento.* Thus, the hardship exception justifying the grant of a variance is only triggered when it is shown that compliance with the zoning ordinance could render the property practically useless. *Department of General Services.*

 In addition, the reasons for granting a variance must be substantial, serious, and compelling. *Catholic Social Services Housing Corporation v. Zoning Hearing Board of Edwardsville Borough,* 18 A.3d 404 (Pa.Cmwlth.2011); *Department of General Services.* The burden of an applicant seeking a zoning variance is heavy, and variances should be granted sparingly and only under exceptional circumstances. *Appeal of Lester M. Prange, Inc.,* 166 Pa.Cmwlth. 626, 647 A.2d 279 (1994). A variance will not be granted simply because a zoning ordinance deprives the owner of the most lucrative or profitable uses of the property. *Wilson v. Plumstead Township Zoning Hearing Board,* 594 Pa. 416, 936 A.2d 1061 (2007). Economic hardship short of rendering the property valueless does not justify the grant of a variance. *Department of General Services.*[11]

 As noted above, in this case the Board made the following relevant findings of fact: (1) witnesses for both Landowner and the Borough agreed that a minimum of six acres of the property can be developed; (2) Mr. Neuhs presented plans for office building and warehouse facility uses on the parcel; (3) Mr. Caligiuri has made at least two offers to purchase the parcel, and he is interested in constructing a warehouse facility on the parcel; (4) Landowner has never responded to Mr. Caligiuri's offers; (5) Mr. Strickland stated that fair market value of the property is $210,000.00 and that Mr. Caligiuri's offer of $250,000.00 is fair and reasonable; (6) Mr. Strickland stated that it is unreasonable for Landowner to believe that the list prices of $850,000.00 and $1,000,000.00 for the parcel were fair asking prices; (7) Mr. Strickland stated that the parcel is not "marginal" land as it has approximately eight acres that are buildable; and (8) Landowner's witness, Mr. Grafton, agreed that it is physically and legally possible to develop a warehouse or office building on the parcel. 2/10/09 Board Decision at 6–9.

The certified record in this case supports the foregoing findings of the Board. As the Board's findings are supported by substantial evidence, they are binding upon this Court in this appeal. *Pohlig Builders, LLC.* Moreover, they support the Board's determination that Landowner is not entitled to a variance.

 Landowner's burden in this case was heavy, and its request for a variance should have been granted sparingly and only under exceptional circumstances. *Appeal of Lester M. Prange, Inc.* To show the requisite unnecessary hardship, Landowner was required to show that either the physical characteristics of the property precluded its use for any permitted purpose or that such use would be prohibitively expensive, or that the characteristics of the property are such that it either has no value or only distress value for any permitted purpose. *Department of General Ser-*

---

11. Likewise, a landowner is not entitled to a validity variance simply because a zoning ordinance deprives the landowner of the most lucrative or profitable uses of the property. *Laurel Point Associates.* To establish the con- fiscatory nature of a zoning ordinance warranting the grant of a validity variance, the applicant must demonstrate that the land is "valueless" as a result of the ordinance. *Id.*

*vices; Laurento.* In addition, the hardship exception would only be triggered if Landowner could show that compliance with the ordinance would render the property practically useless. *Department of General Services; Laurel Point Associates.* In this case, Landowner has failed to meet this heavy burden of proof.

Section 27–1002 of the Borough's Zoning Ordinance provides that a professional and business office use, and a warehouse or similar use, are permitted by right in the Borough's I General Industrial Zoning District. A number of witnesses credibly testified that the property could be put to such uses. Moreover, Landowner has refused to respond to Mr. Caligiuri's reasonable offers to purchase the property to put it to such a use. In short, the Board did not err in denying Landowner's application for a variance, and the trial court did not err in affirming the Board's decision.[12]

Finally, Landowner claims that the Board erred in concluding that the challenged ordinances were not void *ab initio* due to the procedural defects in their enactment. More specifically, Landowner contends that the repeated failure to submit the proposed ordinances to the Chester County Planning Commission, as required by the former and present provisions of the MPC, compelled the Board to find a violation of its procedural due process rights.

In general, ordinances enjoy a presumption of validity, and a challenger bears the heavy burden of proving the ordinance's invalidity. *Schadler v. Zoning Hearing Board of Weisenberg Township,* 578 Pa. 177, 850 A.2d 619 (2004); *Cranberry Park Associates v. Cranberry Township Zoning Hearing Board,* 561 Pa. 456, 751 A.2d 165 (2000). The void *ab initio* doctrine, which is applicable to statutes and ordinances, only concerns "those claims that implicate notice, due process, or other constitutional rights of a party." *Glen–Gery Corporation v. Zoning Hearing Board of Dover Township,* 589 Pa. 135, 143 n. 5, 907 A.2d 1033, 1037 n. 5 (2006). The effect of a finding that an ordinance is void *ab initio* essentially means that it never became law due to the procedural defects in its enactment. *Id.* at 147–148, 907 A.2d at 1040.

As this Court has previously noted:

The statutory notice and publication requirements [of the MPC] are to ensure the public's right to participate in the consideration and enactment of municipal land use decisions. In other words, the notice provisions protect procedural due process. The concept of due process, however, is a flexible one and imposes only such procedural safeguards as the situation warrants. Demonstrable prejudice is a key factor in assessing whether procedural due process was denied.

---

12. Nevertheless, Landowner submits that it is entitled to a variance, relying upon evidence that was presented to support the conclusion that there is no financially feasible use of the property as zoned, and that there is simply no market for it as currently zoned. However, as noted above, the Board "[found] the testimony and exhibits proffered by the Borough to be more credible than that introduced by [Landowner] and finds the testimony and report of Mr. Samuels to be extreme and not supported by any clear evidence. According-

ly, the Board concludes that the Property has more than mere distress value as currently zoned." 2/10/09 Board Decision at 10–11. This Court is bound by the Board's findings that resulted from its resolution of credibility and the conflicting testimony, and we will not substitute our interpretation of the evidence for that of the Board. *Pohlig Builders, LLC.* We will simply not accede to Landowner's request for this Court to reweigh the evidence presented to the Board to come to a contrary conclusion.

*In re: Appeal of McGlynn,* 974 A.2d 525, 532 (Pa.Cmwlth.2009) (citations omitted). Thus, "[a]bsent a showing of discernible harm, a denial of due process claim must fail." *Id.* at 534. *See also Messina v. East Penn Township,* 995 A.2d 517, 533 (Pa.Cmwlth.), *petition for allowance of appeal granted,* 607 Pa. 623, 9 A.3d 1136 (2010) ("The ordinance enactment provisions in question implicate procedural due process. The concept of due process, however, is a flexible one and imposes only such procedural safeguards as the situation warrants. Demonstrable prejudice is a key factor in assessing whether procedural due process was denied.") (citations omitted).

■ Moreover, the void *ab initio* doctrine will not be applied where public acquiescence in the procedurally defective ordinance can be presumed. *See Glen–Gery Corporation,* 589 Pa. at 145–146 n. 6, 907 A.2d at 1039 n. 6 (quoting *Schadler,* 578 Pa. at 189, 850 A.2d at 627) ("[T]he purpose of requiring compliance with the procedural requirements for enacting township ordinances is premised on the importance of notifying the public of impending changes in the law so that members of the public may comment on those changes and intervene when necessary. While we may someday be presented with a case in which a procedurally defective ordinance has been 'on the books' and obeyed in practice for such a long time that public notice and acquiescence can be presumed, this is not such a case.").

In *Geryville Materials, Inc. v. Lower Milford Township Zoning Hearing Board,* 972 A.2d 136 (Pa.Cmwlth.2009), this Court considered the presumed public notice and acquiescence to procedurally defective ordinances mentioned in *Glen–Gery Corporation* and *Schadler.* In *Geryville Materials, Inc.,* the challenged ordinances had been "on the books" for from three to 39

years, and the Township had presented evidence that nearly 3,000 permits had been issued in accordance with those ordinances. This Court noted that "[i]n order to reach a presumption that acquiescence has occurred, the Supreme Court indicated, in dicta in *Glen–Gery,* that the lapse of time of some indefinite amount, coupled with some indication that persons interested in land use in a municipality have obeyed the ordinances purported to have been enacted, would suffice to support a decision electing not to apply the void ab initio doctrine despite evidence of defects in the enactment process...." *Geryville Materials, Inc.,* 972 A.2d at 143. This Court specifically stated that "[t]he simple fact that no party has sought before to challenge the procedural process involved with these ordinances is a plain indication that interested parties have obeyed the ordinances...." *Id.*

■ In disposing of Landowner's procedural validity challenge in this case, the Board made the following relevant findings of fact with respect to Ordinance 505–1974:(1) the proposed Ordinance 505–1974 was sent to the County's Planning Commission and the Borough's Planning Commission for review; (2) the proposed Ordinance 505–1974 was revised following a hearing before the Borough's Planning Commission; (3) the Borough's Planning Commission recommended that the Borough Council adopt the proposed Ordinance 505–1974 at a public meeting; (4) the Borough Council granted a petition to revise the zoning map at a public meeting on the proposed Ordinance 505–1974; (5) Borough Council held two meetings at which Ordinance 505–1974, including the zoning map revision, was adopted; and (6) Ordinance 505–1974 had been "on the books" for 34 years at the time of challenge, and there is no evidence of a prior

procedural validity challenge. 9/1/09 Board Decision at 5–7.

With respect to Ordinance 593–1986 and Ordinance 598–1986, the Board made the following relevant findings of fact: (1) the County's Planning Commission received the proposed Ordinance 593–1986; (2) there was proper notice of the proposed Ordinance 593–1986 for a hearing, and it was approved by the Borough Council; (3) Borough Council declared Ordinance 593–1986 to be invalid, and authorized advertising a curative amendment to Ordinance 593–1986, which was adopted as Ordinance 598–1986; and (4) Ordinance 598–1986 had been "on the books" for 22 years at the time of challenge, and there is no evidence of a prior procedural validity challenge. 9/1/09 Board Decision at 7–8.

With respect to Ordinance 636–1989, the Board made the following relevant findings of fact: (1) Borough Council enacted a codification of all Borough ordinances via the adoption of Ordinance 636–1989; and (2) Ordinance 636–1989 had been "on the books" for 19 years at the time of challenge, and there is no evidence of a prior procedural validity challenge. 9/1/09 Board Decision at 8.

The certified record in this case supports the foregoing findings of the Board. As the Board's findings are supported by substantial evidence, they are binding upon this Court in this appeal. *Pohlig Builders, LLC.*

In its decision denying Landowner's procedural validity challenge in this case, the Board stated the following, in pertinent part:

We believe that the Supreme Court anticipated the very facts presented here when it suggested limitations on the void *ab initio* doctrine where the procedural irregularity did not affect due process rights and where the ordinance at issue had been on the books and "obeyed in practice for such a long time that public notice and acquiescence can be presumed." *Glen–Gery.* The fact is, if we permit ordinances that are 19 to 34 years old and have never been challenged before to be challenged on possible procedural irregularities, the potential chaos predicted by the Supreme Court will ensue. The residents and landowners of [the] Borough have relied on these ordinances for decades. As such, it is the opinion and conclusion of this Board that, pursuant to the Courts' mandates in *Geryville, Glen–Gery,* and their precedents, we must deny the untimely procedural challenge asserted by [Landowner] as a matter of law.

9/1/09 Board Decision at 14.

We discern no error in the Board's determination in this regard. It is clear that, in the absence of any alleged or proven demonstrable prejudice by Landowner, there has been no procedural due process violation caused by the irregularities which purportedly occurred in the enactment of these ordinances in 1974, 1986 and 1989. *In re: Appeal of McGlynn.* In the absence of such a due process violation, the void *ab initio* doctrine is not applicable in this case and Landowner is not entitled to any relief. *Glen–Gery Corporation.*

Moreover, because these ordinances have been "on the books" for 34 years, 22 years, and 19 years, respectively, and because there have been no prior procedural validity challenges in that time, public notice and acquiescence in the ordinances can be presumed. *See Geryville Materials, Inc.,* 972 A.2d at 145 ("[W]e have little difficulty in concluding that the ordinances Geryville has challenged that are more than eight years old have been 'on the books' for a sufficiently long time to support a presumption that notice or acquies-

cence has occurred despite procedural irregularities...."). As a result, the Board did not err in denying Landowner's procedural validity challenge, and the trial court did not err in affirming the Board's decision.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 18th day of November, 2011, the June 4, 2010 order of the Court of Common Pleas of Chester County is affirmed.