# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

309 E. Hamilton St., LLC,         :
               Appellant    :
                               :
           v.               :   No. 1238 C.D. 2018
                               :   SUBMITTED: April 9, 2019
Allentown City Zoning        :
Hearing Board             :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                **FILED: May 1, 2019**

The appellant, 309 E. Hamilton St., LLC (Landowner), appeals from the order of the Court of Common Pleas of Lehigh County (trial court) affirming the decision of the Zoning Hearing Board (Board) of the City of Allentown (Allentown) denying its request for a variety of variances from provisions in Allentown's Zoning Ordinance (Ordinance). The main object of these variances was to permit Landowner to convert a vacant warehouse (warehouse) at 128-132 Hamilton Street, Allentown (subject premises), into 27 dwelling units.

The subject premises, including the warehouse, were purchased by Landowner in 2015. The subject premises are located in the B-5 Urban Commercial District (B-5 District) and the Traditional Neighborhood Overlay District. The warehouse is a three- or four- story building of approximately 24,000 square feet. The warehouse occupies nearly the entire lot with no area for parking, loading, or unloading available on the premises or adjacent thereto. It is presently vacant but

with a long history of commercial uses, most recently warehousing. Decades ago it was used as a meatpacking plant.

In its application, Landowner proposed to use the subject premises for 27 apartment dwellings—25 one-bedroom and 2 two-bedroom units. Landowner asserted that such use was permitted in the B-5 District in accordance with Ordinance Section 1301.01.A (relating to permitted residential uses by zoning district) with the exception of Note DD, from which Landowner sought a variance. Note DD to Section 1301.01.A provides that "[a]ny residential use shall be limited to the second floor or higher floor(s)." Landowner also requested a variance from the requirements of Ordinance Section 1321.01.I.2, which requires as follows: "[o]ff-street parking spaces for residential uses must be on the same lot as the principal use or on a directly abutting lot (which may be across an alley) which is in the same ownership. . . ." Landowner requested that it be permitted to provide required off-street parking at 330 Hamilton Street, which is approximately 1,100 feet from the entrance to the subject premises. Landowner also sought a variance from Section 1319.07.E to permit the placement of two signs on two sides of the building.

Landowner included the following alternative prayers for relief:

a.      A use or validity variance to provide a reasonable use of the property.

b.      A recognition of the site's non-conformity with respect to lot size, lot coverage, setbacks, parking and use.

(Reproduced Record "R.R." at 3a).

The Board held hearings on the application at two meetings, the first in November 2017 and the second in January 2018. On February 1, 2018, by a vote of

2

two to one, the Board denied Landowner's request for a variance. On appeal,[1] Landowner raises several issues, numbered A through L. However, it appears that the single issue requiring substantive consideration is whether Landowner sustained its burden to establish its entitlement to a variance by demonstrating that the granting of the variance would not be detrimental to the public welfare.

Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC)[2] governs the issuance of variances. An applicant for a variance must establish all of the following elements:

> (1) an unnecessary hardship will result if the variance is denied, due to the unique physical circumstances or conditions of the property; (2) because of such physical circumstances or conditions the property cannot be developed in strict conformity with the provisions of the zoning ordinance and a variance is necessary to enable the reasonable use of the property; (3) the hardship is not self-inflicted; (4) granting the variance will not alter the essential character of the neighborhood nor be detrimental to the public welfare; and (5) the variance sought is the minimum variance that will afford relief.

*Taliaferro v. Darby Twp. Zoning Hearing Bd.,* 873 A.2d 807, 811–12 (Pa. Cmwlth. 2005).

---

[1] Where no additional evidence is taken by the trial court, the Board is the factfinder. This Court may not substitute its interpretation of the evidence for that of the Board, the factfinder in this case. *Pohlig Builders, LLC v. Zoning Hearing Bd. of Schuylkill Twp.,* 25 A.3d 1260 (Pa. Cmwlth. 2011). The Board is the sole judge of the credibility of witnesses and the weight to be afforded their testimony. *Id.; Laurento v. Zoning Hearing Bd. of Borough of West Chester,* 638 A.2d 437 (Pa. Cmwlth. 1994). Thus, it is the Board's function to weigh the evidence before it. *Pohlig Builders, LLC.* If the record contains substantial evidence, this Court is bound by the Board's findings that result from the resolution of credibility and conflicting testimony. *Id.*

[2] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

The reasons for granting a variance must be substantial, serious, and compelling. *Oxford Corp. v. Zoning Hearing Bd. of Borough of Oxford*, 34 A.3d 286, 296 (Pa. Cmwlth. 2011). The burden of an applicant seeking a zoning variance is heavy, and variances should be granted sparingly and only under exceptional circumstances. *Id*.

Landowner is correct in stating that the Board failed to make specific findings of fact with respect to a number of issues pertaining to unnecessary hardship. Nonetheless, it remained Landowner's burden in its variance request to demonstrate both unnecessary hardship *and* no negative impact to the public welfare. The Board found as follows:

> 5. Apparently, the [warehouse] on [s]ubject [p]remises occupies nearly the entire lot with no area for parking, loading or unloading available on the premises or adjacent thereto.

> 6. Subject [p]remises fronts on the South side of Hamilton Street where no parking is provided, there being two east bound lanes which, a short distance east of [s]ubject premises, separate to go in different directions. One west bound lane carries traffic coming from the north and east of [s]ubject premises. No parking is provided along that lane either.

> 7. Said section of Hamilton Street is heavily traveled.

> 8. [Landowner] proposes to provide parking spaces for the 27 dwelling units more than 1,100 feet to the west of [s]ubject [p]remises, south of Hamilton Street and west of South 3rd Street.

(Board Decision at 1-2.) Relying on those findings, the Board stated:

> [T]he Board is concerned that the total lack of parking on [s]ubject [p]remises or adjacent thereto when combined

4

with the intensity of the proposed use will result in substantial detriment to the public welfare, both for occupants of the dwelling units and the general public. The total lack of on-lot or adjacent parking will contribute to conditions causing traffic safety hazards and pedestrian safety hazards.

Though [Landowner] proposes more than an adequate number of [parking] spaces, the location of the [parking] spaces is so distant and so located that the parking facilities of neighboring property owners are likely to be the target of infringement and trespass.

(Board Decision at 2-3.)

Insofar as the Board concluded (in its discussion) that the proposed relief, if granted, would result in harm to the public welfare, that conclusion is adequately supported by relevant findings of fact that are, in turn, supported by evidence, and that Landowner does not take issue with such findings or conclusion, we agree with the Board's determination that Landowner did not establish a right to the variances it sought.

Turning briefly to Landowner's arguments concerning a request for alternative relief in the form of finding of "nonconformity" we note that Landowner has not developed any argument concerning how the Board erred in not finding a nonconformity or even explained what legal standard it references, let alone provided authority for or stated how it believes it has met such a standard.[3] The argument portion of a brief must be developed with pertinent discussion of the issues, including citations to relevant authority. Pa. R.A.P. 2119(a). When parties fail to satisfy this requirement, the Court is "neither obliged, nor even particularly

---

[3] Landowner clearly cannot establish that it has a lawful pre-existing nonconforming use, because the warehouse was never used as a residential property.

5

equipped, to develop an argument for [them]." *Skytop Meadow Cmty. Ass'n, Inc. v. Paige*, 177 A.3d 377, 384 (Pa. Cmwlth. 2017).[4]   Thus, the issue is waived.

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

---

[4] To the extent that these arguments bear on the issue of unnecessary hardship, we need not address that issue for the reasons stated above.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

309 E. Hamilton St., LLC,      :
         Appellant      :
                         :
        v.            :   No. 1238 C.D. 2018
                         :
Allentown City Zoning      :
Hearing Board            :

## **O R D E R**

AND NOW, this 1st day of May, 2019, the Order of the Court of Common Pleas of Lehigh County in the above-captioned matter is AFFIRMED.

**BONNIE BRIGANCE LEADBETTER,**
Senior Judge