412 A.2d 522

**PENNSYLVANIA PETROLEUM ASSOCIATION, Appellant,**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY and Pennsylvania Public Utility Commission.**

Supreme Court of Pennsylvania.

Argued Oct. 16, 1979.

Decided March 20, 1980.

Ronald Ziegler, Philadelphia, for appellant.

Walter R. Hall, II, Philadelphia, Vincent Butler, Harrisburg, for appellee, Pa. Power & Light Co.

Barnett T. Satinsky, Philadelphia, for appellee, Pa. Public Utility Comm.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN and FLAHERTY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

On March 31, 1975, appellee Pennsylvania Power & Light Company filed a request with the Public Utility Commission that it be allowed to charge certain rates for electricity and adopt a certain rate design, i. e., relationship of rates charged to different customer classes. Appellant, Pennsylvania Petroleum Association, is a trade association, whose members are retail distributors of heating oil. It filed a complaint with the commission, alleging appellee's proposed rates for heating were below cost and that such low rates should not be allowed because they would prevent appellant's members from competing fairly. The commission substantially allowed appellee's proposed rates and rate design and appellant appealed to the Commonwealth Court. The court quashed the appeal for lack of standing. 32 Pa.Cmwlth. 19, 377 A.2d 1270 (1977). We granted appellant's petition for allowance of appeal.

■ We find appellant's complaint failed to establish entitlement to relief which could be granted and, therefore, will not disturb the decision of the Commonwealth Court.

■ Public utility rates must be "just and reasonable." Public Utility Code, Act of July 1, 1978, P.L. 598, No. 116, § 1301, 66 Pa.C.S.A. § 1301. *Pennsylvania Public Utilities Commission v. Pa. Gas and Water* (filed February 1, 1980); *Keystone Water Company v. Pa. P.U.C.,* 477 Pa. 594, 611, 385 A.2d 946 (1978) (Opinion of Roberts, J., in support of reversal, joined by Eagen, C. J. and Nix, J.). There was a similar provision in the prior law, Act of March 21, 1939,

P.L. 10, No. 11, § 2. A "just and reasonable" rate means a rate that will give the utility a fair return. *Scranton v. Scranton S. H. Co.,* 405 Pa. 397, 176 A.2d 86 (1961). A customer claiming that a utility rate is in excess of what will give a fair return may seek to have it lowered. The seller of a competing product cannot force the utility to raise rates that it alleges are detrimental to its competitive position, as protection of such an interest is not an objective of the regulatory scheme. See *Ritter Finance Co., Inc. v. Myers,* 401 Pa. 467, 165 A.2d 246 (1960).

The Order of the Commonwealth Court is affirmed.

LARSEN, J., concurs in the result.

MANDERINO, J., did not participate in the decision of this case.