**ACS ENTERPRISES, INC., Appellant,**

v.

**NORRISTOWN BOROUGH ZONING HEARING BOARD, Norristown Borough.**

Commonwealth Court of Pennsylvania.

Argued Feb. 6, 1995.

Decided May 24, 1995.

Mary Ann Rossi, for appellant.

Michael C. Shields, for appellee.

Before McGINLEY and NEWMAN, JJ., and DELLA PORTA, Senior Judge.

DELLA PORTA, Senior Judge.

ACS Enterprises, Inc. (ACS) appeals from an order of the Court of Common Pleas of Montgomery County which affirmed the decision of the Norristown Borough Zoning Hearing Board (Board) granting the application jointly filed by ACS and Kevin L. Fackler (Fackler) for a variance to permit ACS to install a rooftop telescopic mast antenna on Fackler's home. We dismiss the instant appeal for lack of ACS' standing to appeal.

Fackler is the owner of the subject property, a two-story semi-detached single-family dwelling located at 239 Buttonwood Street in the Borough of Norristown (Borough). ACS is engaged in the business of providing wireless cable television programming to its subscribers pursuant to a license issued by the Federal Communications Commission. On May 28, 1993, ACS and Fackler filed a joint application with the Board proposing to install a thirty-foot rooftop dish antenna on Fackler's home. The application consists of the following: (1) appeal from the zoning officer's determination that the proposed installation of the antenna requires a variance from Section 320–30 of the Borough Zoning Ordinance (Ordinance) setting forth a maximum building height in R–2 Residential zoning district;[1] in the alternative, (2) request for a variance or a validity variance; and in the further alternative, (3) challenge to the validity of the Ordinance regulating antennas through the building height restrictions.

At the hearing before the Board, ACS and Fackler presented the following pertinent testimony. The wireless cable system requires "a line of sight" between ACS' transmitter and receiving antennas. Consequently, the system cannot operate if the signal is

1. Section 320–30 of the Ordinance provides:
No building shall exceed thirty-five (35) feet in height or three (3) stories, provided that such height limit may be exceeded by one (1) foot for each foot by which the width of each side yard is increased beyond the minimum side yard requirements, up to a maximum height of forty-five (45) feet, but not to exceed three (3) stories.
"Height of building" is defined as "[a] buildings vertical measurements from the main level of the ground surrounding the building to a point midway between the highest and lowest points of the roof." (Section 320–7 of the Ordinance.)

intercepted by trees, buildings and other structures. Fackler's property requires at least a thirty-foot mast antenna to receive the signal because a five-story industrial building in the vicinity will interfere with the line of sight. ACS uses a twenty-four inch lightweight alloy reflective screen antenna. The antenna is mounted on a mast which will be secured to the roof by a tripod. Guy wires are also used to secure the antenna and the mast at the ten, twenty and thirty-foot levels of the mast. All of the installation hardware will remain ACS' property.

In its decision, the Board concluded that antennas or other structures exceeding twelve feet in height are subject to building height regulations of the Ordinance,[2] and that the proposed installation of a thirty-foot antenna on the roof of the subject property would violate the maximum thirty-five foot building height restriction under Section 320–30 of the Ordinance. The Board then considered the alternative request for a variance and found that due to the topography and the location of the subject property, Fackler could not obtain ACS' services without the proposed installation of an antenna, and that Fackler would thus suffer unnecessary hardship without a variance. The Board accordingly granted ACS and Fackler a variance to allow them to install the proposed rooftop antenna on the subject property.

Notwithstanding the Board's grant of a variance, ACS appealed to the trial court, alleging that installation of antennas is not subject to the building height regulations and that the Ordinance is invalid because it excludes installation of antennas in excess of twelve feet and interferes with its services regulated by the FCC. The trial court affirmed the Board's decision concluding, *inter alia*, that because ACS was not aggrieved by the Board's decision, it lacked standing to

appeal that decision.[3] ACS appealed to this Court, advancing the same contentions raised before the trial court.

■ Initially, we must address the contention by the Board and the Borough that the *instant appeal must be dismissed for ACS'* lack of standing to challenge the Board's decision. It is well established that only a person "aggrieved" by a decision has standing to appeal that decision. *Miller v. Upper Allen Township Zoning Hearing Board,* 112 Pa.Commonwealth Ct. 274, 535 A.2d 1195 (1987). Rule 501 of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 501, provides that "[e]xcept where the right of appeal is enlarged by statute, any party who is aggrieved by an appealable order ... may appeal therefrom."

■ A party is aggrieved when he or she is adversely, directly, immediately and substantially affected by a judgment, decree or order. *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh,* 464 Pa. 168, 346 A.2d 269 (1975); *Miller.* Thus, a party who has prevailed in the proceeding below is not an aggrieved party and consequently has no standing to appeal to this Court. *Chicoine v. Workmen's Compensation Appeal Board (Transit Management Services),* 159 Pa.Commonwealth Ct. 362, 633 A.2d 658 (1993); *Tomczak v. Workmen's Compensation Appeal Board (Pro–Aire Transport, Inc.),* 150 Pa.Commonwealth Ct. 431, 615 A.2d 993 (1992).

■ In the matter *sub judice,* ACS and Fackler sought and obtained the Board's approval of the proposed installation of a rooftop antenna on the subject property. Since ACS and Fackler were thus successful before the Board in obtaining the requested relief, ACS' interests were not adversely affected by the Board's decision, and consequently, ACS is not an aggrieved party.

---

2. Under Section 622 of the BOCA National Building Code adopted by the Borough, a building permit is not required for rooftop installation of antennal structures not in excess of twelve feet in height for private radio or television reception. The term "structure" is defined as "[a]ny form or arrangement of building material involving the necessity of providing proper support, bracing, tying, anchoring or other protection against the

forces of the elements." (Section 320–7 of the Ordinance.)

3. The trial court further concluded that because ACS obtained the requested relief, the issues raised by ACS were rendered moot and that the antenna mounted on the roof becomes a part of the building and is therefore subject to the building height regulations.

**654**

Moreover, a prevailing party's disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing. *Ridgway's Magnetics Co. v. Unemployment Compensation Board of Review*, 134 Pa.Commonwealth Ct. 143, 577 A.2d 969 (1990), *appeal denied*, 526 Pa. 643, 584 A.2d 324 (1991). Therefore, the fact that ACS disagrees with the Board's interpretation that a variance was required for the proposed installation of an antenna does not confer ACS standing to appeal. Further, while the Board, in granting a variance, did not resolve other issues raised by ACS, the mere possibility of future litigation does not satisfy the requirement that to be considered an aggrieved party, the party's interests must be *immediately* affected by a decision. *Empire Coal Mining & Development, Inc. v. Dep't of Environmental Resources*, 154 Pa.Commonwealth Ct. 296, 623 A.2d 897, *appeal denied*, 535 Pa. 625, 629 A.2d 1384 (1993). Hence, ACS has no standing to appeal to this Court.

ACS nonetheless attempts to establish its standing, relying on the Borough building inspector's letter attached to the application, identifying seventeen other antennas exceeding twelve feet, which ACS had previously installed at other locations. However, the application listed only ACS and Fackler as the applicants, and only Fackler's property as the property for which relief was sought. Further, the letter did not even identify the owners of the listed property. Since the property listed in the letter was not the subject of the zoning application, the letter did not confer ACS standing to appeal.[4]

Finally, ACS argues that because the standing issue was not raised before the Board or the trial court, it was waived and may not be raised in an appeal to this Court. The Board and the Borough, on the other hand, asserts that they raised before the trial court the issue of ACS' standing to appeal the Board's decision. Generally, the failure to challenge a zoning applicant's standing under the Pennsylvania Municipalities Planning Code (MPC)[5] before the zoning hearing board constitutes a waiver of that claim, and a court's jurisdiction to hear the case is not affected.[6] *Friedlander v. Zoning Hearing Board of Sayre Borough*, 119 Pa.Commonwealth Ct. 164, 546 A.2d 755 (1988). However, the issue in this case is not whether ACS had standing before the Board under the MPC. The Board and the Borough did not dispute ACS' standing in the proceeding before the Board. Rather, the relevant inquiry is whether ACS demonstrated "aggrievement" under Pa.R.A.P. 501 and thus established its standing before this Court.

In *Pennsylvania Petroleum Ass'n v. Pennsylvania Power & Light Co.*, 32 Pa.Commonwealth Ct. 19, 377 A.2d 1270 (1977), *aff'd*, 488 Pa. 308, 412 A.2d 522 (1980), the appellant argued, as in this case, that the appellee waived the appellant's standing to appeal to this Court because the appellee failed to challenge the appellant's standing during the hearings before the Public Utility Commission. This Court rejected the appellant's argument and held:

> Board are limited to "the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board."
>
> Further, a zoning appeal may be filed with the Board "in writing by the landowner affected, any officer or agency of the municipality or any person aggrieved." (Section 913.3 of the MPC, added by Section 93 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10913.3.) "Requests for a variance ... and for special exception ... may be filed with the board by any landowner or any tenant with the permission of such landowner." *Id.*

---

4. Moreover, the Board's grant of a variance was based upon its finding of unnecessary hardship unique to the subject property. ACS' witness testified that the required height of the antenna depends upon the location of the property receiving the signal and the existence of trees, buildings or other structures in the vicinity which will intercept the signal. Thus, the entitlement to a variance can only be properly decided on a case-by-case basis.

5. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

6. Under Section 908(3) of the MPC, 53 P.S. § 10908(3), the parties to the hearing before the

Pa.R.A.P. 501 clearly establishes a threshold interest (aggrievement) which a prospective appellant must demonstrate to bring an appeal under the rules. We do not believe that the requirement that a prospective appellant be aggrieved by the order he is attempting to appeal is one which can be waived by the action or inaction of an opponent because this requirement is imposed by statute. To hold otherwise would allow an opponent's action or inaction to enlarge the statutory right of appeal to include parties not aggrieved by the order appealed from. We believe therefore that PP & L's failure to challenge the standing of PPA to participate before the PUC does not prevent it from doing so here.

*Id.* at 26–27, 377 A.2d at 1273. Hence, the waiver doctrine does not apply to the issue of ACS' standing under Pa.R.A.P. 501, and the Board and the Borough are permitted to raise it in an appeal to this Court, regardless of whether the standing issue was also raised before the trial court.

Accordingly, since ACS is not a party aggrieved by the Board's decision and thus lacks standing to appeal, the instant appeal is dismissed. Due to our disposition, the other issues raised by ACS need not be addressed.

### ORDER

AND NOW, this 24th day of May, 1995, the appeal filed by ACS Enterprises, Inc. in the above-captioned matter is hereby dismissed.