IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry B. Shipman,                          :
                     Appellant            :
                                           :
           v.                              :
                                           :
South Hanover Township                     :    No. 104 C.D. 2019
Zoning Hearing Board                       :    Submitted: August 23, 2019


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                     FILED:  October 11, 2019

          Henry B. Shipman (Shipman), *pro se*, appeals from the January 22, 2019 order of the Court of Common Pleas of Dauphin County (trial court) granting the South Hanover Township (Township) Zoning Hearing Board's (Board) motion to quash Shipman's appeal.  The trial court found that Shipman was not aggrieved by the Board's decision to deny his neighbor's request for a variance and, thus, lacked standing to appeal.  Upon review, we affirm.

          Shipman is a neighbor of Barbara J. Labe and Jeffrey L. Labe, Sr. (together, the Labes).  Transcript of Testimony (T.T.) at 7-8, Reproduced Record (R.R.) at 6a.  The Labes applied for a variance to operate a bed and breakfast in their dwelling.  Trial Court Opinion, 3/28/19 at 1, R.R. at 43a.[1]  On August 20, 2018, the

_____

          [1] It appears that the reproduced record has been paginated both at the top and the bottom of the document.  However, as each set of paginations originates on a different page, citations

Board held a public hearing regarding the variance request, in which the Labes participated. Original Record (O.R.), T.T. at 3 & 19-21.[2] Shipman sought to participate in the hearing, and the Board granted him party status. T.T. at 9, R.R. at 6a. Shipman testified that he was not "aggrieved" by the Labes' request for a variance. T.T. at 8, R.R. at 6a. Rather, Shipman testified in support of the Labes' application, noting that although his property was not contiguous to that of the Labes, he was "within eyesight and earshot" of their home and that most other homeowners in the neighborhood probably were as well. T.T. at 7-8, R.R. at 6a. He contended that the Labes' request should have been granted under a provision of the Township's zoning ordinance pertaining to use of land in a manner that is neither specifically permitted nor denied by the zoning ordinance. O.R., T.T. at 45.

The Board denied the Labes' request for a variance. Shipman appealed to the trial court, and the Township intervened in the appeal. Trial Court Opinion, 3/28/19 at 2, R.R. at 44a. The Board, with the concurrence of the Township, filed a motion to quash Shipman's appeal, which the trial court granted. Trial Court Opinion, 3/28/19 at 3, R.R. at 45a; *see also* Trial Court Order, 1/22/19, R.R. at 4a. In its opinion, the trial court stated that Shipman failed to articulate a legitimate reason to support his contention that he had standing to appeal the denial of the Labes' variance application. Trial Court Opinion, 3/28/19 at 3-4, R.R. at 45a-46a. The trial court determined that Shipman was not aggrieved, because he "has not shown that he is adversely, directly, immediately or substantially affected" by the

throughout this opinion will reference only the page numbers at the bottom of the document. Additionally, we note that we have added the letter "a" following these page numbers, as per Pennsylvania Rule of Appellate Procedure 2173.

[2] Citations to the transcript of testimony from the August 20, 2018 hearing will be made to both the original record and the reproduced record, as a substantial portion of the transcript was omitted from the reproduced record.

Board's decision. *Id.* Thus, the trial court determined that Shipman lacked standing to appeal to the trial court. Trial Court Opinion, 3/28/19 at 4, R.R. at 46a. Shipman appealed to this Court.

On appeal to this Court,[3] Shipman argues that the Board led him to believe that obtaining party status at the August 20, 2018 hearing secured standing to appeal. Shipman's Brief at 9-10 & 22. Shipman contends that he is aggrieved by the "defective variance process." *Id.* at 20. Shipman also asserts he has standing to appeal, because the Board granted him standing and party status during the August 20, 2018 hearing, such that he did not need to demonstrate whether he was adversely, directly, immediately or substantially affected by the Board's decision. *Id.* at 19-20. Additionally, Shipman contends that the Board should have produced a transcript of its September 17, 2018 meeting and verbal decision to deny the variance request, and that this "undocumented proceeding"[4] had an "adverse, direct, immediate and substantial" effect on him. *Id.* at 15-16. Shipman also asserts his own future submission of an application to operate a bed and breakfast "is not an unrealistic probability," and that he needed to appeal "in order to protect [his] property rights in any future . . . [l]and [u]se [r]equest." *Id.* at 17-18. Shipman maintains that the

---

[3] This Court's "review of the trial court's order granting a motion to quash an appeal is limited to determining whether the trial court committed an error of law, an abuse of discretion, or a violation of constitutional rights." *Driscoll v. Zoning Bd. of Adjustment of City of Phila.*, 201 A.3d 265, 268 n.2 (Pa. Cmwlth. 2018) (brackets omitted) (quoting *Alma v. Monroe Cty. Bd. of Assessment Appeals*, 83 A.3d 1121, 1123 n.3 (Pa. Cmwlth. 2014)).

[4] We note that the testimony at the hearing was recorded by a reporting service and a portion of the transcript is in the reproduced record. *See* T.T., 8/20/18, R.R. at 5a-12a. The entire transcript is available in the original record. *See supra* note 2.

Board's decision was flawed, and that he must challenge it in order to prevent the degradation of his neighborhood and to uphold the rule of law. *Id.* at 17.[5]

The Board argues that Shipman was not aggrieved by its decision to deny the Labes' variance request and, therefore, had no right to appeal that decision. Board's Brief at 9.[6] The Board contends that, although Shipman was granted party status, standing to appear as a party before a zoning hearing board is different than standing to appeal to common pleas. *Id.* at 7-8. The Board also notes that this case is unusual in that "the appeal was filed not by the Labes, who were denied relief, but by a property owner who apparently believes the Labes should have been granted relief." *Id.* The Board denies that it misled Shipman about his ability to appeal and claims that even if it did, the Board may not confer standing where it does not exist. *Id.* at 9.

Pursuant to Pennsylvania Municipalities Planning Code (MPC)[7] Section 908(3), the parties to a hearing before the Board "shall be the municipality, any person affected by the application who has made timely appearance of record before the [B]oard, *and any other person . . . permitted to appear by the [B]oard.*"

---

[5] Shipman stated in the "Statement of Questions Involved" section of his appellate brief that the trial court erred in quashing his appeal without a hearing of any sort. Shipman's Brief at 7. However, Shipman did not brief this issue; thus, it is waived. *See* Pa.R.A.P. 2119(a) (stating that the argument in an appellate brief must contain "such discussion and citation of authorities as are deemed pertinent"); *see also Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009) (stating that "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived," as "[i]t is not the obligation of [an appellate court] . . . to formulate [a]ppellant's arguments for him").

[6] South Hanover Township (Township) adopted the Board's brief in its entirety. *See* Township's Brief at 2-3.

[7] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

4

53 P.S. § 10908(3) (emphasis added). "It is well established that only a person 'aggrieved' by a decision has standing to appeal that decision." *ACS Enters., Inc. v. Norristown Borough Zoning Hearing Bd.*, 659 A.2d 651, 653 (Pa. Cmwlth. 1995). "To establish 'aggrieved' status for purposes of standing, a party must have a substantial, direct, and immediate interest in the claim sought to be litigated." *In re Broad Mountain Dev. Co., LLC*, 17 A.3d 434, 440 (Pa. Cmwlth. 2011). "In order to have a substantial interest, there must be some discernible adverse effect to some interest other than the abstract interest of all citizens in having others comply with the law." *Id.* "The requirement that an interest be 'direct' simply means that the person claiming to be aggrieved must show causation of the harm to his interest by the matter of which he complains." *William Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 282 (Pa. 1975). In order to qualify as "immediate," an interest may not be "a remote consequence of the judgment." *In re Broad Mountain Dev. Co., LLC*, 17 A.3d at 440. Further, "the mere possibility of future litigation does not satisfy the requirement that to be considered an aggrieved party, the party's interests must be *immediately* affected by a decision." *ACS Enters., Inc.*, 659 A.2d at 654 (emphasis in original) (citing *Empire Coal Mining & Dev., Inc. v. Dep't of Envtl. Res.*, 623 A.2d 897 (Pa. Cmwlth. 1993)). Moreover, "[a] person has standing where he has suffered or will suffer 'injury in fact' and the interest he seeks to protect is arguably within the zone of interest sought to be protected or regulated by the statute or constitutional guarantee in question." *In re Broad Mountain Dev. Co., LLC*, 17 A.3d at 440 (quoting *William Penn Parking*, 346 A.2d at 284 n.23). Thus, "a person who is not adversely affected in any way by the matter he seeks to challenge is not 'aggrieved' thereby and has no standing to obtain a judicial resolution of his challenge." *William Penn Parking*, 346 A.2d at 280.

5

We agree with the Board that Shipman lacked standing to appeal its denial of the Labes' variance request, because he was not aggrieved by that decision. Shipman asserted at the hearing and before this Court that he seeks to ensure compliance with the law. However, Shipman fails to articulate how this interest differs from the abstract interest of all citizens in having others comply with the law and, as such, is not sufficiently substantial to render Shipman aggrieved. *See In re Broad Mountain Dev. Co., LLC*, 17 A.3d at 440. Thus, Shipman failed to establish that he had a substantial interest in the case, as he was unable to demonstrate that the Board's decision was discernably adverse to him. *See id.* We are also unpersuaded by Shipman's assertion that the possibility he might someday wish to open his own bed and breakfast affords him standing to appeal. Such a claim is speculative and the remote consequences of decisions and the possibility of future litigation do not constitute sufficiently immediate interests for purposes of standing. *See id.*; *Thompson v. Zoning Hearing Bd. of Horsham Twp.*, 963 A.2d 622, 624 n.2 (Pa. Cmwlth. 2009) (noting that "[g]enerally, a party is aggrieved when he has an adverse, direct, immediate and substantial interest in a decision as opposed to a remote and speculative interest"); *ACS Enters., Inc.*, 659 A.2d at 654. Further, we find meritless Shipman's assertion that he is aggrieved because the Board allegedly erred by considering the Labes' variance request under the wrong section of the Township's zoning ordinance, as a "party's disagreement with the legal reasoning or basis for a decision does not amount to a cognizable aggrievement necessary to establish standing." *ACS Enters., Inc.*, 659 A.2d at 654. Moreover, we find that Shipman's contention that the Board failed to produce a transcript of its September 17, 2018 meeting, as well as his other vague, unspecified allegations of procedural defects in the "variance process," do not render him aggrieved. *See* Shipman's Brief

6

at 15-16 & 20. These purported harms do not provide Shipman with a substantial, direct or immediate interest in the case, such as is necessary to render him aggrieved for purposes of standing. *See In re Broad Mountain Dev. Co., LLC*, 17 A.3d at 440.

Finally, we agree with the Board that it did not mislead Shipman regarding his ability to appeal its decision. Shipman's arguments seem to imply that the Board's statements alone suffice to confer standing, such that he was not obligated to demonstrate that he was aggrieved by the Board's decision. Prior to asking whether anyone wished to participate as a party at the August 20, 2018 hearing, the Board's solicitor stated that being granted "[p]arty status would enable you to question witnesses . . . at the hearing and also would give you appeal rights in the event there's a decision that's not to your liking." T.T. at 6, R.R. at 6a. The Board subsequently clarified at the hearing that parties would have appeal rights *if aggrieved by its decision*. *See* T.T. at 90, R.R. at 12a.[8] We therefore find that the Board correctly advised Shipman regarding his appeal rights. Even assuming *arguendo* that Shipman was misled, his failure to demonstrate that he was aggrieved by the Board's decision results in a lack of standing to appeal. *See ACS Enters., Inc.*, 659 A.2d at 653.

Thus, for the foregoing reasons, we agree with the trial court that Shipman lacked standing to appeal. Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[8] We note that the Township also correctly advised Shipman in its October 1, 2018 letter that he would have the right to appeal the Board's decision *in accordance with the MPC*. *See* Township Zoning Officer Letter, 10/1/18, R.R. at 19a.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Henry B. Shipman,            :

            Appellant      :

                          :

       v.             :

                          :

South Hanover Township     :      No. 104 C.D. 2019

Zoning Hearing Board       :

## O R D E R

AND NOW, this 11th day of October, 2019, the January 22, 2019 order of the Court of Common Pleas of Dauphin County granting the South Hanover Township Zoning Hearing Board's motion to quash Henry B. Shipman's appeal is AFFIRMED.

_____

CHRISTINE FIZZANO CANNON, Judge