# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorothy Soland, Daniel Soland, Mark :
Ouimet, and Anna Ouimet :
                               :
        v.                     :   No. 825 C.D. 2019
                               :   ARGUED: June 9, 2020
Zoning Hearing Board of East :
Bradford Township and East Bradford :
Township Board of Supervisors and :
John Marshall and Dara Gans- :
Marshall :
                               :
East Bradford Township Board of :
Supervisors :
                               :
        v.                     :
                               :
East Bradford Township Zoning :
Hearing Board and John Marshall and :
Dara Gans-Marshall :
                               :
Appeal of: John Marshall and Dara :
Gans-Marshall :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE ELLEN CEISLER, Judge (P)
              HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE CEISLER                       FILED: July 15, 2020

      John Marshall and Dara Gans-Marshall (collectively, Applicants) appeal from the June 3, 2019 order of the Court of Common Pleas of Chester County (trial court), which vacated a decision of the East Bradford Township (Township) Zoning Hearing Board (ZHB). The ZHB granted Applicants' request for a variance to establish a bed and breakfast. The trial court determined that Applicants failed to

comply with the notice requirements set forth in the Pennsylvania Municipalities Planning Code (MPC)[1] and the Township's Zoning Ordinance (Ordinance). After careful review, we reverse the trial court and remand this matter to the trial court for further proceedings.

## I. Factual and Procedural Background

Applicants are the owners of real property located in the Township (the Property), which consists of 10.96 acres and contains a main house and several auxiliary structures, one of which is an 80-year-old tenant house. Reproduced Record (R.R.) at 46a. On December 18, 2017, Applicants filed an application with the ZHB seeking permission to operate a bed and breakfast[2] on the Property. Section 115-48.2(A)-(B) of the Ordinance[3] permits a bed and breakfast as a conditional use but requires that it be located **within an owner-occupied Class I historic resource**[4] **and consist of at least four guest rooms**. Applicants asserted that the main house on the Property did not have sufficient bedrooms to accommodate their family of five and four additional guest rooms. R.R. at 46a. Accordingly, Applicants sought approval from the ZHB to locate the guest rooms in the 80-year-old, 1,500-square-

---

[1] Act of July 31, P.L. 805, *as amended*, 53 P.S. §§ 10101 – 11202.

[2] The Ordinance provides for two types of bed and breakfast establishments, which are primarily distinguished by the number of guest rooms and baths permitted and amenities provided. The matter at present involves the establishment of a bed and breakfast estate under Section 115-48.2 of the Ordinance. For the sake of expediency, we will simply refer to the proposed use as that of a bed and breakfast.

[3] East Bradford Township, Pa., Ordinance § 115-48.2(A)-(B) (October 11, 2016).

[4] Class I historic resources are defined in Section 115-122(A) of the Ordinance and include buildings listed in the National Register of Historic Places or classified as a certified historic structure by the Secretary of the United States Department of the Interior.

foot "tenant house," which was another building located on their property. *Id.* at 46a, 69a-70a.

The ZHB scheduled a hearing on Applicants' variance request for January 29, 2018 (Original Hearing). *Id.* at 61a. By letter dated January 15, 2018, the ZHB solicitor advised Applicants that they must present testimony or exhibits at the Original Hearing to "prove that appropriate notice was posted on the [Property] and that notice was sent to the residents and property owners in accordance with [Section 115-81(A)(2) of the Ordinance]."[5] R.R. at 52a.

## A. First ZHB Hearing

At the outset of the Original Hearing, the ZHB's solicitor noted there appeared to be no one present in the audience who "would like to be a party to the hearing." *Id.* at 63a-64a. Thereafter, Applicants presented a list of 41 neighbors within 500 feet of the Property "that were notified by mail" of the Original Hearing date. *Id.* at 65a. Applicants also submitted photographs demonstrating the hearing notice was posted on the Property. *Id.* at 65a-66a.

In requesting relief from the owner-occupied restrictions in Section 115-48.2 of the Ordinance, Applicants testified that they have three children and several members of their extended family visit frequently. *Id.* at 67a-68a. Applicants wanted to locate the guest rooms for the bed and breakfast in the tenant house, so

---

[5] Section 115-81(A)(2)(a) of the Ordinance requires that an applicant seeking a variance must post written notice of the ZHB hearing at least one week prior in a conspicuous location on the affected tract of land. East Bradford Township, Pa., Ordinance § 115-81(A)(2)(a) (October 11, 2016). The applicant must also mail written notice of the hearing at least 10 days prior to every residence within 500 feet of the property in question, provided that failure to give notice as required shall not invalidate any action taken by the ZHB. East Bradford Township, Pa., Ordinance, § 115-81(A)(2)(b) (October 11, 2016). The applicant shall provide proof of mailing for each notification. *Id.*

that Applicants' immediate family and relatives could stay overnight in the main house, which would remain private. *Id.* A barn located in close proximity to the tenant house would be utilized for "the event portion" of the bed and breakfast.[6] *Id.* at 46a. The Township zoning officer, Ms. Needles, commented that ordinarily "we don't have something like this where there [are] multiple buildings on the property." *Id.* at 71a. Ms. Needles confirmed that, with the exception of a garage built in 1992, the structures on the Property are "historic." *Id.* at 70a. The ZHB solicitor opined that the presence of other structures on the Property provided a "good reason to [locate guest rooms] in a different structure." *Id.* at 72a. This represents the sum total of evidence supporting Applicants' use variance request.

## B. ZHB Decision

The ZHB granted Applicants' variance request in a decision and order dated March 16, 2018. The ZHB noted that while the reasons for granting a variance must be substantial, serious and compelling, a variance may also be granted "where the variance requested is minor and rigid compliance is not necessary to protect the public policy concerns of the [O]rdinance." *Id.* at 19a. (citing *Lench v. Zoning Bd. of Adjustment of Pittsburgh*, 13 A.3d 576 (Pa. Cmwlth. 2011) (homeowner's request for dimensional variance of four inches over the zoning code's 40-foot height restriction was *de minimis* and appropriate)). While the ZHB did not explicitly characterize the variance granted as *de minimis*, the case law relied upon by the ZHB concerned the appropriateness of a *de minimis* dimensional variance, and the ZHB

---

[6] Pursuant to Section 115-48.2(C) of the Ordinance, guest rooms in a bed and breakfast may not contain cooking facilities. East Bradford Township, Pa., Ordinance § 115-48.2(C) (October 11, 2016). There was no evidence presented that the tenant house itself would provide the "breakfast" part of a bed and breakfast. This deficiency was confirmed during oral argument before this Court on June 9, 2019.

made no findings that Applicants met the stricter standards required for a use variance.

The ZHB concluded that Applicants' request to use the separate tenant house for guest rooms was a reasonable one, based on the fact that the proposed conditional use of part of the Property as a bed and breakfast was in keeping with "the intent and spirit of the adaptive reuse of the historic structures upon the Property." R.R. at 19a-20a. On this basis, the ZHB concluded that Applicants provided sufficient evidence to support a variance allowing use of the tenant house as a bed and breakfast. *Id.* at 18a.

### C. Trial Court Appeal

Dorothy and Daniel Soland (Solands), Mark and Anna Ouimet (Ouimets), and the Township Board of Supervisors (Township Board), (collectively, Appellees), appealed the ZHB's decision to the trial court, arguing Applicants failed to comply with the notice provisions set forth in the MPC[7] and the Ordinance. The Solands and Ouimets (collectively, Neighbors) alleged that, had they received notice of the Original Hearing, they would have attended to oppose Applicants' variance request. *Id.* Upon motion of Neighbors,[8] the trial court remanded the matter to the ZHB to

---

[7] Section 908(1) of the MPC requires that notice of a zoning hearing board meeting be made by public notice, by conspicuous posting on the subject property, and by written notice "as shall be prescribed by ordinance." 53 P.S. § 10908(1). Public notice is accomplished under Section 107(a) of the MPC by publication for two successive weeks in a newspaper of general circulation in the municipality. 53 P.S. § 10107(a). The parties do not dispute that notice of the Original Hearing was properly posted and published.

[8] Section 1005-A of the MPC relevantly provides that, where consideration of a land use appeal requires the presentation of additional evidence, the trial court may remand the case to the ZHB. 53 P.S. § 11005-A, added by the Act of December 21, 1988, P.L. 1329. Following remand, if the trial court does not take additional evidence, the findings of the ZHB shall not be disturbed if supported by substantial evidence. *Id.*

5

take additional evidence on the issue of whether Neighbors, and "other contiguous neighbors," received notice of the Original Hearing. *Id.* at 457a-58a. Neighbors further argued that the requirements for a variance had not been met.[9]

After remand,[10] the ZHB made additional findings of fact, as follows. Section 115-81(A)(2)(b) of the Ordinance required Applicants to mail written notice of the

---

[9] The standards for granting a variance under Section 910.2 of the MPC require an applicant demonstrate the following:

> (1) That there are unique physical circumstances or conditions . . . peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.
>
> (2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.
>
> (3) That such unnecessary hardship has not been created by the appellant.
>
> (4) That the variance . . . will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property, nor be detrimental to the public welfare.
>
> (5) That the variance . . . will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2(a)(1)-(5), added by the Act of December 21, 1988, P.L. 1329. Section 115-85 of the Ordinance prescribes the same requirements for a grant of variance relief.

[10] Additional hearings were held by the ZHB on January 21, 2019, February 21, 2019, and March 11, 2019.

Original Hearing at least 10 days prior to properties within 500 feet of the Property. *Id.* at 471a. Applicant John Marshall hand-delivered notices of the Original Hearing to the mailboxes of residences within 500 feet of the Property. *Id.* at 465a. The ZHB found that 24 neighboring property owners, including Neighbors, had not received written notice by mail nor received actual notice of the Original Hearing. R.R at 467a-70a. While some neighboring property owners received the Original Hearing notice, it was not by means of the United States Postal Service (USPS). *Id.* at 471a. The number of neighboring property owners who did not receive the Original Hearing notice, or have actual notice of the hearing, "substantially outnumber[ed]" those who received notice. *Id.* The ZHB found that Applicants failed to mail written notice of the Original Hearing and failed to provide proof of mailing, as required by Section 115-81(A)(2)(b) of the Ordinance. *Id.* at 472a.

Following its review of the ZHB's supplemental findings and the entire record certified by the ZHB, the trial court concluded that Applicants failed to provide proper notice under both the MPC and the Ordinance. The trial court further concluded that the ZHB lacked jurisdiction to grant Applicants' request for variance relief. R.R. at 474a. Accordingly, the trial court vacated the March 16, 2018 decision of the ZHB granting Applicants' variance relief. *Id.*

Following their appeal to this Court, Applicants filed a Concise Statement of Errors Complained of on Appeal (Statement of Errors), asserting that the trial court misapplied and disregarded the notice requirements of the MPC and the Ordinance and the trial court erred when it remanded the matter to the ZHB for additional findings of fact. The trial court filed an "Order in Lieu of Rule 1925(a) Opinion," *see* Pa.R.A.P. 1925(a), in which it asserted that Applicants waived the issues set

7

forth in their Statement of Errors, as the issues were not pleaded or argued previously before the ZHB or the trial court.

## II. Issues

On appeal,[11] Applicants assert the trial court erred in vacating the ZHB's grant of a variance based on its conclusion that written notice of the Original Hearing was deficient under the MPC and the Ordinance. Applicants argue the trial court's remand order directing the ZHB to take additional evidence on the issue of notice was likewise in error, as failure to give written notice is not a basis for invalidating the ZHB's decision, and the trial court erred in accepting evidence from non-parties to the appeal. Finally, Applicants argue the trial court erred in finding Applicants waived the prior two issues.

## III. Discussion

## A. Waiver

We will consider Applicants' arguments out of turn, as we must first address whether the trial court erred in concluding Applicants waived the issues raised in their Statement of Errors, having failed to first raise them before the ZHB or trial court.

Applicants allege four errors in their Statement of Errors. The first three relate directly to the trial court's June 3, 2019 order reversing the decision of the ZHB. Applicants first assert that the trial court disregarded the requirements of the MPC,

---

[11] In a land use appeal, where the trial court has not taken additional evidence, our scope of review is limited to determining whether the local zoning board committed an error of law or an abuse of discretion. *Segal v. Zoning Hearing Bd. of Buckingham Twp.*, 771 A.2d 90, 94 n.6 (Pa. Cmwlth. 2001). Where an appeal presents issues of law, including issues of statutory interpretation, this Court's scope of review is plenary and our standard of review *de novo*. *1050 Ashbourne Assocs., LLC v. Cheltenham Twp. Bd. of Comm'rs*, 167 A.3d 828, 831 n.6 (Pa. Cmwlth. 2017).

8

the clear language of the Ordinance, and applicable case law. R.R. at 478a. Next, Applicants argue that the MPC only requires the hearing notice be published and posted on the Property and there exists no dispute these requirements were met. *Id.* Third, Applicants argue the trial court disregarded the clear language of the Ordinance that lack of written notice "shall not invalidate any action taken by the [ZHB]." *Id.* The fourth error alleged in Applicants' Statement of Errors implicates the trial court's decision to remand the matter to the ZHB without limiting the participants to the parties, as only Appellants preserved their rights through the filing of an appeal to the trial court. *Id.* at 479a. Applicants maintain they preserved these issues at each and every possible step in the proceedings.

The trial court is correct that a party who fails to raise an issue before a municipal zoning hearing board is precluded from doing so for the first time on appeal. *Harrisburg Gardens, Inc. v. Susquehanna Twp. Zoning Hearing Bd.*, 981 A.2d 405, 415 (Pa. Cmwlth. 2009). It is not altogether clear at which point in the litigation the trial court believed Applicants failed to preserve the issues pled herein; however, it bears mentioning that Applicants prevailed before the ZHB and were therefore not in a position to appeal that decision. *ACS Enters., Inc. v. Norristown Borough Zoning Hearing Bd.*, 659 A.2d 651, 653 (Pa. Cmwlth. 1995) (only a person aggrieved by a decision of a zoning hearing board has standing to appeal that decision). Moreover, Applicants could not raise an objection to the trial court's June 3, 2019 order prior to the date it issued. Regardless, the trial court's finding that Applicants failed to plead or argue the issues in their Statement of Errors before the ZHB or trial court is contradicted by a simple review of the record.

Neighbors filed their motion seeking the presentation of additional evidence on June 15, 2018. R.R. at 432a. Applicants filed an answer on July 2, 2018, arguing

9

that a remand was not appropriate as the notice requirements of the MPC and the Ordinance were satisfied and Neighbors' failure to receive mailed notice of the hearing was not a basis for relief under the Ordinance. R.R. at 443a-45a. During the first remand hearing on January 21, 2019, Applicants objected to the presentation of deposition testimony by non-parties to the litigation, as they had not preserved their appellate interests on the issue of notice. R.R at 347a, 358a, 362a, 366a-67a. Applicants maintained their objection to the depositions of non-parties at the subsequent hearing held on March 11, 2019. *Id.* at 384a-85a. As to the notice requirements under the MPC and the Ordinance, Applicants reiterated their position *multiple times* at both the January 21, 2019 and the March 11, 2019 ZHB hearings, as well as in their Proposed Findings of Fact and Conclusions of Law submitted to the ZHB, that failure to give written notice under the Ordinance could not invalidate the actions of the ZHB and written notice was not a requirement under the MPC. *Id.* at 102a-03a, 107a, 348a, 355a, 404a, 418a-19a, 422a.

It is clear from the record that, throughout the appeal process, Applicants have consistently and repeatedly maintained that they complied with the notice requirements of the MPC and the Ordinance, that a decision of the ZHB cannot be invalidated by failure to provide written notice, and that the presentation of additional evidence through the admission of non-party deposition testimony was inappropriate. As Applicants adequately preserved the issues raised in their Statement of Errors, the trial court erred in concluding otherwise.

## B. Notice

Next, we address whether the trial court erred in vacating the ZHB's March 16, 2018 decision granting variance relief on the basis that Applicants failed to mail

10

written notice of the Original Hearing to properties within 500 feet of the Property, as required by Section 115-81(A)(2) of the Ordinance.

Applicants maintain that written notice under the MPC is only required to the extent dictated by the terms of the Ordinance. Relevantly, Section 115-81(A)(2)(b) of the Ordinance required Applicants to mail written notice of the Original Hearing ten days prior to any residence within 500 feet of the Property; however, "*failure to give notice as required by [Section 115-81(A)(2)(b)] shall not invalidate any action taken by the Board*." East Bradford Township, Pa., Ordinance § 115-48.2(A)(2) (October 11, 2016) (emphasis added). Applicants argue the emphasized language above clearly establishes that written notice is not a mandatory requirement that would impede the ZHB's jurisdiction to hear and decide a matter. Applicants cite this Court's interpretation of similar language in *Mitchell v. Zoning Hearing Board of the Borough of Mount Penn*, 838 A.2d 819 (Pa. Cmwlth. 2003), as dispositive on this issue.

In *Mitchell*, a school district seeking to repurpose property formerly used for a high school requested a variance from the off-street parking requirements of the local ordinance. 838 A.2d at 819, 823. The zoning hearing board (board) granted the variance request and Jeremy Mitchell, an individual residing near the former high school, appealed on the basis he did not receive notice of the board's hearing. *Id.* at 824. The parties did not dispute that the board's hearing notice was published and posted as required by Section 908(1) of the MPC, and adjacent property owners received notice of the hearing. *Id.* at 830. Mitchell relied on a notice provision in the local ordinance which directed that, "*[w]hen the [board] shall so order*," notice "shall be mailed" to the owner of every lot on the same street as the subject property and within 500 feet of the subject property and the owner of every lot within a 250-

11

foot radius of the subject property. *Id.* (emphasis in original). The local ordinance further provided that "failure to give this notice *shall not invalidate any action taken by the board." Id*.

In rejecting Mitchell's argument that notice was defective, this Court noted the absence in the record of any indication that the board ordered mailing of the hearing notice. Moreover, the ordinance itself "unambiguously prohibits invalidation of the [board's] decision based on failure to comply with" the notice provision. *Id.*

The Township Board rejects *Mitchell* as distinguishable. In *Mitchell*, written notice to neighboring property owners was discretionary and only required when ordered by the board. The Ordinance at issue here contains no such qualification, and Applicants were required to mail written notice at least ten days prior to the date of the Original Hearing. Furthermore, Applicants were to "provide proof of mailing for each notification." East Bradford Township, Pa., Ordinance § 115-48.2(A)(2)(b) (October 11, 2016). The Township Board contends that Applicants' failure to comply with either requirement violated the due process rights of Neighbors, and the trial court properly vacated the ZHB's March 16, 2018 decision.

Neighbors acknowledge that, pursuant to Section 115-81(A)(2)(b) of the Ordinance, failure to give written notice shall not invalidate any action taken by the ZHB. They argue, however, that Section 908(1) of the MPC contains no such excuse for non-compliance and mandates that written notice "shall be given at such time and in such manner as shall be prescribed by ordinance . . . . " 53 P.S. § 10908(1). In essence, Neighbors contend, the language of Section 908(1) of the MPC incorporates the written notice requirement in Section 115-81(A)(2)(b) of the

12

Ordinance. Failure to comply with this requirement constitutes a violation of Section 908(1) of the MPC.

Neighbors further contend that an applicant is never excused from the mailed notice provisions of Section 115-81(A)(2)(b), as the applicant is also required to "provide proof of mailing for each notification." East Bradford Township, Pa., Ordinance § 115-48.2(A)(2)(b) (October 11, 2016). The pertinent language of Section 115-81(A)(2)(b) merely grants the ZHB the discretion to either postpone or proceed with a hearing should an applicant fail to provide the required notice. Should the ZHB proceed, any action taken would not be subject to invalidation on the basis of lack of notice. Such an exercise of discretion, however, is predicated on the ZHB knowing whether or not an applicant complied with the written notice provisions of Section 115-81(A)(2)(b). Neighbors argue that the ZHB was misled by Applicants' testimony that all 41 neighboring properties were provided notice of the Original Hearing "by mail." *Id.* at 65a.

We agree with the Township Board that *Mitchell* is distinguishable to a point, as the issuance of written notice in that matter was within the discretion of the township board of supervisors. Here, the Ordinance mandates an applicant mail written notice of a ZHB meeting at least ten days prior to all residences within 500 feet of the property at issue and provide proof of mailing for each notification. East Bradford Township, Pa., Ordinance § 115-48.2(A)(2)(b) (October 11, 2016). However, as was the case with the ordinance in *Mitchell*, failure by the applicant to give notice as required *shall not invalidate any action taken by the ZHB*. *Id.* This provision acts to excuse Applicants' failure to strictly comply with the requirement that they mail written notice of the ZHB hearing and provide proof they mailed the

13

notice. This language is not qualified by the number of individuals who did not receive notice.

Neighbors' argument that Applicants have not complied with Section 908(1) of the MPC is unpersuasive, as there is no dispute that Applicants complied with that provision's publication and posting requirements. Section 908(1) unquestionably mandates that written notice shall be "as prescribed" by the local ordinance. 53 P.S. § 10908(1). To that end, Section 115-81(A)(2)(b) of the Ordinance prescribes a method for written notice, the failure of which *shall not invalidate any action* by the ZHB. The rules of statutory construction are applicable to statutes and ordinances alike, and one of the primary rules of statutory construction is that an ordinance must be construed, if possible, to give effect to all of its provisions. *In re Thompson*, 896 A.2d 659, 669 (Pa. Cmwlth. 2006). Appellees have not advanced an argument that the Ordinance itself is problematic, or that the provisions within Section 115-81(A)(2)(b) cannot be reconciled. Appellees simply ask this Court to disregard the provision which does not advance their position.

The record demonstrates that Applicants complied with the notice requirements set forth in both the MPC and the Ordinance. The trial court's decision to vacate the ZHB for lack of jurisdiction due to lack of notice wholly ignores the Ordinance's explicit direction that failure to give written notice shall not invalidate the action taken by the ZHB. Indeed, the trial court failed to even reference this language in its June 3, 2019 order reversing the decision of the ZHB and in its subsequent August 26, 2019 "Order in Lieu of Rule 1925(a) Opinion." This failure constitutes an error of law which mandates we reverse the trial court and remand this matter to the trial court for a determination as to whether the ZHB erred in granting Applicants' request for variance relief.

With regard to that issue, we note that, in granting variance relief, the ZHB relied upon this Court's decision in *Lench*[12] and characterized the nature of the variance as *de minimis.* Critically, before granting the *de minimis* variance, the ZHB did not first determine whether Applicants sought relief from the use or dimensional restrictions imposed by the Ordinance or otherwise apply the standards required for variance relief. It has long been established that the burden of an applicant seeking a zoning variance is heavy and such requests should be granted sparingly and only under exceptional circumstances. *Oxford Corp. v. Zoning Hearing Bd. of Borough of Oxford*, 34 A.3d 286, 296 (Pa. Cmwlth. 2011). A variance will not be granted simply because an ordinance deprives the owner of the most lucrative or profitable uses of the property. *Id.*

In support of their variance request, Applicants testified that they have a large family and several members visit on a frequent basis. R.R. at 67a-68a. Location of the guest rooms in the tenant house would allow Applicants' immediate family and relatives to stay overnight in the main house. *Id.* While we strongly question

---

[12] *Lench* concerned an applicant who sought variance relief from a zoning code's dimensional 40-foot height requirement. This Court determined that the variance requested – 4 inches – was *de minimis*, as it amounted to a .83-percent deviation from the code's 40-foot height restriction. *Lench*, 13 A.3d at 582.

Application of the *de minimis* variance doctrine has been exclusively applied in cases where "only minor deviations from *dimensional* zoning ordinances have been the basis for the variance sought." *Coyle v. City of Lebanon Zoning Hearing Bd.*, 135 A.3d 240, 245 (Pa. Cmwlth. 2016) (emphasis added). A dimensional variance involves a request to adjust a zoning ordinance for purposes of using the property in a manner consistent with the applicable regulations, whereas a use variance involves a proposal "to use property in a manner that is wholly outside zoning regulations." *Hertzberg v. Zoning Bd. of Adjustment of City of Pittsburgh*, 721 A.2d 43, 47 (Pa. 1998). The *de minimis* doctrine has been repeatedly rejected in use variance cases because the effect of a use variance on the public interest is greater than the effect of a minor deviation from a dimensional requirement. *Coyle*, 135 A.3d at 246 (internal citations omitted).

15

whether this evidence meets the standards for variance relief, we leave that determination to the trial court.

## IV. Conclusion

The record demonstrates that Applicants adequately preserved the issues raised in their Statement of Errors and the trial court erred in concluding otherwise. The trial court likewise erred when it vacated the ZHB's March 16, 2018 decision for lack of jurisdiction on the basis that Applicants failed to comply with the written notice provisions of the MPC and the Ordinance. Accordingly, we reverse the trial court and remand this matter to the trial court for a determination as to whether Applicants established the right to the variance relief granted by the ZHB.[13]

_____
ELLEN CEISLER, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

---

[13] Given our disposition on the first two issues, we need not address the third, although we note that the decision to take additional evidence under Section 1005-A is a matter within the discretion of the trial court, and the trial court must hear additional evidence in a zoning case where the party seeking the hearing demonstrates that the record is incomplete. *E. Consolidation and Distrib. Servs., Inc. v. Bd. of Comm'rs of Hampden Twp.*, 701 A.2d 621, 624 (Pa. Cmwlth. 1997).

16

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dorothy Soland, Daniel Soland, Mark : 
Ouimet, and Anna Ouimet :
:
v. : No. 825 C.D. 2019
:
Zoning Hearing Board of East :
Bradford Township and East Bradford:
Township Board of Supervisors and :
John Marshall and Dara Gans- :
Marshall :
:
East Bradford Township Board of :
Supervisors :
:
v. :
:
East Bradford Township Zoning :
Hearing Board and John Marshall and :
Dara Gans-Marshall :
:
Appeal of: John Marshall and Dara :
Gans-Marshall :

# **O R D E R**

AND NOW, this 15th day of July, 2020, the June 3, 2019 order of the Court of Common Pleas of Chester County (trial court) is hereby reversed. This matter is remanded to the trial court for a determination as to whether the East Bradford Zoning Hearing Board erred in granting variance relief to John Marshall and Dara Gans-Marshall.

Jurisdiction is relinquished.

_____
ELLEN CEISLER, Judge